195 So.2d 337 (1967)
Clementine JOSEPH, divorced wife of Lafitte John LAWRENCE
v.
Louis E. DURR.
No. 2385.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1967.
*338 Jack J. Charbonnet, New Orleans, for plaintiff-appellant.
D. L. Kirschenheuter, Jr., New Orleans, for defendant-appellee.
Before YARRUT, HALL and BARNETTE, JJ.
HALL, Judge.
Plaintiff filed suit against Louis E. Durr seeking a refund of amounts paid to defendant as a "finder's fee" and as a "discount" respectively on two mortgage notes, alleging that such amounts constituted usurious interest. Plaintiff also prayed for interest on these amounts.
Answer to the suit was filed by Louis E. Durr, Jr. and it was stipulated that Louis E. Durr Junior was the person being sued. No suit was filed against Louis E. Durr (Senior).
Following trial on the merits judgment was rendered in favor of the defendant dismissing plaintiff's suit at her cost. Plaintiff appealed.
The facts are not in dispute. On October 5, 1956 the defendant, Louis E. Durr, Jr., made a loan to plaintiff secured by mortgage on her property. The mortgage note executed by plaintiff was in the principal sum of $5,000.00, which sum included a "finder's fee" of $447.83. The note was made payable in monthly installments and bore interest at the rate of 8% per annum from date until paid.
Before any payments became due on this note the defendant, Louis E. Durr, Jr., sold the note to his father, Louis E. Durr (Senior), who paid defendant the full face value thereof.
On June 4, 1962 Louis E. Durr (Senior) made a loan to plaintiff secured by mortgage on her property in a sum sufficient to discharge the balance due on the 1956 note, plus $900.00 in additional funds. The previous note and mortgage were cancelled and a new mortgage was executed by plaintiff. The new mortgage note signed by plaintiff was in the principal sum of $1,961.62 which sum included $175.00 as "a discount to lender". The new note was likewise payable in monthly installments and bore interest at the rate of 8% per annum from date until paid.
Before any installments became due on this note Louis E. Durr (Senior) sold it to the defendant, Louis E. Durr, Jr., for its full face value. Plaintiff paid this note out in full, the last payment being made sometime in March of 1965.
The record further reveals that the defendant and his father operate their loan business at 3204 Washington Avenue in the City of New Orleans. It was at this office that plaintiff made her monthly payments on each note, her payments being received by either the defendant or his father, whichever was present in the office at the time. They apparently had no employees. The son managed the office and plaintiff testified that she negotiated both loans from him. His testimony was that he "didn't remember" that far back.
The record further shows that the defendant, Louis E. Durr, Jr., received the $447.83 "finder's fee" on the 1956 loan, but that the 8% interest stipulated in the note was collected by his father who bought the note. The $175.00 "discount to lender" in connection with the 1962 loan was received by Louis E. Durr (Senior) while the interest stipulated in that note was collected by the defendant purchaser of the note, Louis E. Durr, Jr.
The testimony shows that father and son kept separate books. The son denied that there was any partnership arrangement between them. They filed separate income tax returns, the son paying income tax on the "finder's fee" growing out of the 1956 loan, the father paying income tax on the "discount to lender" growing out of the 1962 loan. The father paid the tax on the 8% interest received by him on the note he purchased in 1956 while the son paid tax on the 8% interest collected from plaintiff *339 on the 1962 note which he bought from his father.
Undoubtedly plaintiff was charged and paid an unlawful rate of interest on both loans. (See LSA-C.C. Art. 2924).
Defendant pled the prescription of two years (See LSA-C.C. Art. 2924) to the recovery by plaintiff of interest paid on the first loan. This loan was paid off in full and the note and mortgage cancelled on June 22, 1962. Plaintiff's suit was filed on March 22, 1966. We are of the opinion that the plea should be maintained. Plaintiff cites Duncan v. Helm, 22 La.Ann. 418, to the effect that "payments made on obligations must be applied to that which is lawfully due and not to usurious interest." Applying this principal the holding of the Court in that case was that the last payment on the note in question had been made within the prescriptive period and hence recovery of the usurious interest could be had. In the instant case the 1956 note was paid in full, both principal and interest, nearly four years before plaintiff filed suit.
Insofar as the 1962 loan is concerned defendant contends that this transaction does not fall within the purview of Civil Code Article 2924 (LSA-C.C. Art. 2924) nor LSA-R.S. 9:3501. He contends that the charging of a "brokerage" fee is not illegal as long as the person who earns and charges the brokerage fee is not the same person who earns the interest charged the borrower. He points out that in the case of the 1962 loan Durr, Senior received the $175.00 "discount to lender" while Durr, Junior, purchaser of the note, received only the 8% interest thereon.
While the record contains no facts from which it might be concluded that father and son were engaged in a joint venture, it does convince us that they were engaged in a scheme to avoid the usury laws. Durr, Senior did not testify but it is patent from the testimony that father and son were well aware of each other's transactions.
Durr, Junior, acquired the 1962 note with full knowledge of the bonus charged in connection therewith. Having knowledge of the infirmity in the note he acquired it in legal "bad faith" and cannot hold himself out to be a holder in due course.
After purchasing the 1962 note the defendant, Durr, Junior, collected from plaintiff both the bonus which was included in the face amount of the note and the 8% interest borne by the note. Plaintiff, under the provisions of LSA-R.S. 9:3501 would be entitled to recover from Durr, Junior, the entire amount of bonus and interest which she paid to him. However she only prayed for the amount of the bonus plus 8% interest thereon from the date of the note to the date of payment of the loan in full and legal interest on such sum thereafter.
For the foregoing reasons the judgment appealed from is affirmed in part and reversed in part and judgment is now rendered in favor of the defendant, Louis E. Durr, Jr., and against the plaintiff, Clementine Joseph, divorced wife of Lafitte John Lawrence, maintaining defendant's plea of prescription and dismissing plaintiff's claim insofar as the 1956 note is concerned. Judgment is further rendered in favor of the plaintiff, Clementine Joseph, divorced wife of Lafitte John Lawrence, and against the defendant, Louis E. Durr, Jr., in the full sum of $175.00 together with interest thereon at the rate of 8% per annum from June 4, 1962 until March 1, 1965 plus interest at the legal rate on the combined sum of both principal and interest from the date of judicial demand until paid; costs of both Courts to be borne by defendant-appellee.
Affirmed in part; reversed in part and rendered.