BLANCHE, Judge.
This is a- suit on a promissory note dated October 12, 1969, payable on demand to Dan Epps, Jr., the holder thereof and plaintiff herein, in the amount of $312.50 plus interest at eight percent per annum from date until paid, together with ten percent additional on both principal and interest as attorney’s fees, and less the sum of $60 paid by the defendant on account. The note is signed by Herman Lee Bowie, the defendant herein and maker thereof, and is witnessed as follows:
“I am a witness, (signed) Fred Lindo”
The defendant was in default on the note but urges as a defense to payment (1) that there was a lack of consideration, (2) that the note is void because it was obtained as a result ,of a gambling debt, and (3) that the demand for the payment of the discount plus interest constitutes usury. The defendant also claims a credit for payment of $62 on the note.
The brief on behalf of defendant sets forth no specifications of error, and we assume that he has abandoned all defenses alleged at trial except that of usury, which constitutes the sole argument advanced by him on appeal.
The trial judge rejected all defenses and rendered judgment for plaintiff in the sum of $312.50 as prayed for, less the sum of $60 paid by defendant on account. From this judgment defendant has appealed. We affirm.
The record establishes and the lower court found the following facts. The defendant Bowie was in need of $250 to facilitate him in obtaining a job. He went to his friend, the plaintiff Epps, and asked for a loan. Plaintiff advised defendant that he did not have the money but he would see a friend who might be interested in making the loan. Plaintiff contacted Fred Lindo, who was known to both the defendant and plaintiff, but Lindo would not lend any money to defendant and he so stated. However, Lindo stated that he would lend plaintiff some money and plaintiff then borrowed $250 from Lindo but obligated himself to repay to Lindo the sum of $312.50. Simultaneously with this transaction, the defendant, in the presence of Lindo, executed the note in question for the same amount as plaintiff had agreed to pay Lindo. Plaintiff then loaned defendant the $250 which he had received from Lindo, and after the payment of $60 thereon defendant defaulted. Thereafter, plaintiff paid Lindo the $312.50 which he had borrowed from him and then filed this suit against the defendant for the full amount, together with the interest and attorney’s fees.
*613 The issue of usury was the only issue argued in the briefs. The argument of the defendant was grounded on the fact that while the contested note was for $312.-50 and provides for interest at the rate of eight percent per annum, together with ten percent attorney’s fees on both principal and interest, the defendant only received $250 in exchange for executing the note. The discount, he argues, when combined with the added maximum legal interest therein renders the total charges usurious.
As a statement of law, we have no quarrel with the defendant’s argument that the combination of discount plus interest at the rate of eight percent from the date of the note until paid would render a note usurious. However, each case must stand on its own peculiar facts, and under the facts presented here we find that the transaction between plaintiff and defendant was not in violation of the usury statute, LSA-C.C. Art. 2924.
The facts here show that the only charge which the plaintiff is attempting to collect from the defendant is the amount he obligated himself to pay and did pay a third party for the defendant’s benefit plus interest thereon at the rate of eight percent per annum from date on said amount until paid.
The defendant submits that the case may be compared to Laurence v. Durr, 195 So. 2d 337 (La.App. 4th Cir.1967), where the Court found that the combination charge of interest at the maximum legal rate from date plus a discount made a loan usurious. There a father and son were in the loan business and one would charge the “brokerage fee” for making the loan and then transfer the note which bore the maximum rate of interest to the other for its face value before any payment thereon became due. It was argued that the charging of the brokerage fee was not usurious as long as the person who earns and charges the brokerage fee is not the same person who earns the interest charged the borrower. The Court found that the father and son were engaged in a scheme to avoid the usury law and allowed recovery of the entire interest charged.
The record in this case, unlike the Durr case, supra, does not support a finding that plaintiff had conspired with another to defeat the usury law and thus share in the collection of interest from the defendant at a rate in excess of that allowed by law.
For the above and foregoing reasons, the judgment of the district court is affirmed, at defendant’s cost.
Affirmed.