### PREJEAN v. RICHARD.
### No. 1431.

Court of Appeal of Louisiana. First Circuit. Jan. 21, 1935.

694

Mouton & Davidson, of Lafayette, for appellant.

A. M. Guilbeau, of Opelousas, for appellee.

ELLIOTT, Judge.

Alcee Prejean, alleging the existence of error in the interest stipulation contained in ten mortgage notes each for $200, forming part of the purchase price in a sale of certain land from him to Dewey Richard, and that the act of sale from him to Dewey Richard and the mortgage stipulation securing said notes contains the same error, brought suit against Dewey Richard to correct the act and the notes in that respect and in the alternative prayed that the sale be annulled.

The defendant for answer denies that error exists in the stipulation concerning interest, and prayed that the suit be dismissed.

The lower court held that the law governing the case was with the defendant, and rendered judgment dismissing the suit. Plaintiff has appealed.

Defendant filed in the lower court an exception of no right or cause of action, which was, by the court, overruled. The exception is not mentioned in defendant's brief. We are unable to see any ground in the petition upon which it could be based. We look on it as having been abandoned and give it no consideration. An objection urged by defendant at the opening of the trial to any testimony that would tend in any manner to vary or change the terms of the act of sale, for the reason that plaintiff's petition disclosed neither a right or cause of action, was not ruled on by the lower court. In the absence of any ruling there is nothing to review. The objection is not mentioned in defendant's brief. The objection is not entitled to any consideration. The jurisdiction of this court ratione materia is near the constitutional limit. There is no motion to dismiss nor to transfer the appeal to the Supreme Court, and the parties have argued and submitted the case on the theory that it is appealable to this court.

Excluding interest, the property in the sale in which the controversy arises was $2,500, but plaintiff's main demand is for the correction and reformation of certain notes in the sale representing $2,000 of the purchase price to the extent only that the act and notes as executed stipulate 8 per cent. per annum interest from maturity, when according to plaintiff the agreement was that the notes should bear interest at the rate of 8 per cent. per annum from date, payable annually until paid.

To annul a sale for $2,500 is beyond the upper limit of our jurisdiction; therefore, the alternative prayer in the petition is not considered. We confine our review of the appeal to the question of error in the matter of the interest stipulation, and to that extent and for that purpose only we assume jurisdiction of the appeal.

The issue of error is one of fact. The meaning of the lower court in stating his reasons for judgment that the law governing the case was with the defendant, seems to imply that in dismissing the suit he had in mind some rule of law. The record shows that the plaintiff sold the defendant by act before Waldo H. Dugas, notary public, on August 29, 1932:

"That certain tract of land with all improvements thereon and thereunto belonging situated in the 6th ward in the Parish of Lafayette, Louisiana containing eight and ⅓rd superficial arpents bounded north by land of Chap Guilbeau or assigns; south by land of Cezaire Prejean or assigns; east by land of Zenon Arceneaux or assigns and west by land of Alfred Cormier or assigns. * * *

"A certain tract of land with all improvements thereon and thereunto belonging containing 40 superficial arpents situated in the 6th ward of the Parish of Lafayette, Louisiana, bounded north and west by land of C. C. Brown or assigns; south by land of Jean Broussard or assigns; east by lands of Jules Broussard or assigns. Both tracts are more fully described in the petition of the plaintiff

and act of sale thereto annexed. The maturities of the notes are as follows: The first one is payable December 1st 1933, the 2nd on the same day of the same month of the year 1934, the next on the same day of the same month in 1935, and one each of the others on the same day of the same month of each year thereafter until the 10th or last one, which matures on December 1st 1942."

It would serve no useful purpose to go into details concerning the parol testimony adduced upon the trial of the case on the subject of the alleged error. The plaintiff, testifying in support of the alleged error and fraud, is supported by other testimony and corroborating facts and circumstances so strong that there is no room for reasonable doubt about the fact. Defendant Dewey Richard and his father Alceed Richard did not take the stand as witnesses to deny any fact stated by plaintiff, nor to otherwise refute what he said. Plaintiff at the time of testifying had reached the age of 75 years. He seemed, we so judge from his answers, a very bright old man, but he had never been taught to read or write and could sign his name only by making his mark. His only language was French; he did not understand English. Alceed Richard is his son-in-law and Dewey Richard is his grandson and the son of Alceed.

The testimony in the case satisfies us that Dewey Richard entered into an agreement with the plaintiff for the purchase of the property described in the petition, taking over the agreement from his father. The price of the sale was $2,500, part of which was cash, but the main part of the price was payable on credit and evidenced by ten notes each for $200 payable consecutively in 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 years from date. According to the agreement of the parties, each of the notes was to bear 8 per cent. per annum interest from date, payable annually. The act of sale, together with the notes mentioned, prepared by the notary public in advance of the day on which the act was passed and the notes signed, pursuant to the instructions of Alceed Richard and Dewey Richard, without notice to the plaintiff, was made to read that the notes were only to bear interest after maturity. The act was read to the parties by the notary public before it was signed in both French and English, but the unlettered plaintiff did not understand

from the reading of the act and notes that according thereto he was not entitled to interest, except from the year when they were payable. He only learned of the error and fraud some time afterwards when the fact was discovered and made known to him by another son-in-law. The plaintiff immediately called on the defendant to correct the error, but defendant, after making what seems to us a very unsatisfactory excuse, undertook to stand on the act and notes in the form in which they had been prepared.

"Equity may reform and correct even contracts unambiguous on their face on clear proof that, through fraud or error, the written instrument has been made to express a different purpose from that which the parties had agreed on and had intended to embody therein; but to support relief there must be clear proof of the antecedent contract and of the error in committing it to writing." Ker v. Evershed, 41 La. Ann. 15, 6 So. 566.

In this case the antecedent contract as to when the notes were to commence to bear interest is well established; the error and fraud consisted in making the notes read different from the agreement on the subject.

The judgment appealed from is manifestly erroneous.

For these reasons the judgment appealed from is now annulled, avoided, and set aside, and it is now ordered, adjudged, and decreed that the original act of sale from Alcee Prejean to Dewey Richard passed before Waldo H. Dugas, notary public, on August 29, 1932, covering the property described in the petition, together with the mortgage therein granted and retained on said property, also the registry made of said act in the conveyance and mortgage records of the parish of Lafayette, La., and each of the notes for $200 described in said act, be corrected and reformed so as to read that each of said notes bears 8 per cent. per annum interest from date payable annually until paid. Like correction is to be made by said Dugas of his notarial record of the act.

Correction of the original and registries of the act made in the conveyance and mortgage books and the error on the face of the notes is to be made by the clerk of court and ex officio recorder of the parish of Lafayette. All corrections to be made as soon as this judgment becomes final. Defendant and appellant to pay the cost in both courts.