TUCKER, Judge.
This is a suit on a promissory note, dated October 29, 1968, in the original amount of $2,592.00, made and executed by the defendant, Sadie H. Williams, to the order of the plaintiff, Capitol Loans, Inc., payable in thirty-six (36) monthly installments of Seventy-two and no/100 ($72.00) Dollars, the first installment on December 15, 1968, and a like installment being due and payable on the 15th day of each succeeding month thereafter until paid. Said note stipulates to bear interest at the rate of 8% per annum after the maturity date of each installment until paid. The note contained the usual acceleration clause in the event of default on any installment and provided attorney fees of 20% on the remaining principal and interest. The defendant made some payments, none on time, and finally defaulted. Plaintiff alleged a balance due on the note of $2,346.00 plus interest from maturity and the attorney fees and all costs of court.
The face amount of the said note contains five items as follows:
(1) Balance due on note for $300.00 signed March 8, 1967 (including principal and interest) $265.89
(2) Balance due on note for $1,512.31, dated December 22, 1965 (including principal and interest) 1,395.01
(3) Credit life insurance for 3 years 77.76
(4) Recordation costs 1.00
(5) Capitalized interest (discount) 852.34
$2,592.00
The rate of interest contained within the face value of the note is 28.50% per annum, computed according to the Federal Consumer Credit Protection Act.
The defenses to the action are summarized as follows:
(1) Fraud
(2) Rebate of unearned interest and capitalized interest
(3) Inclusion of interest from a previous obligation as part of the principal of a new obligation as being prohibited by law and as usury
(4) Discount as usurious interest.
Defendant appeals from this decision, and chose not to pursue the issues of fraud and the inclusion of interest from a previous obligation as a part of the principal of new obligation, thus confining her appeal to Nos. 2 and 4 of the above stated defenses. She avers error in the interpretation of C.C. Art. 2924, decrying the holding of the Supreme Court in the case of General Securities Finance Co., Inc. v. *530 Jumonville, 216 La. 681, 44 So.2d 702 (1950) in its interpretation of capitalized interest or discount as not being subject to the laws of usury under the language of said Art. 2924 of the Civil Code. The pertinent parts of this codal article are quoted as follows:
“Interest is either legal or conventional. Legal interest is fixed at the following rates, to-wit:
ifi í}í >fc ‡ >}{
The amount of the conventional interest cannot exceed eight per cent. The same must be fixed in writing; testimonial proof of it is not admitted in any case.
Except in the cases herein provided, if any persons shall pay on any contract a higher rate of interest than the above, as discount or otherwise, the same may be sued for and recovered within two years from the time of such payment.
The owner or discounter of any note or bond or other written evidence of debt for the payment of money, payable to order or bearer or by assignment, shall have the right to claim and recover the full amount of such note, bond or other written evidence of debt and all interest not beyond eight per cent per annum interest that may accrue thereon, notwithstanding that the rate of interest or discount at which the same may be or may have been discounted has been beyond the rate of eight per cent per annum interest or discount; * * *.
The owner of any promissory note, bond or other written evidence of debt for the payment of money to order or bearer or transferrable (transferable) by assignment shall have the right to collect the whole amount of such promissory note, bond or other written evidence of debt for the payment of money, notwithstanding such promissory note (,) bond or other written evidence of debt for the payment of money may include a greater rate of interest or discount than eight per cent per annum; provided such obligation shall not bear more than eight per cent per annum after maturity until paid. * * *.”
She also charges the violation of her rights under the equal protection clause of the Fourteenth Amendment of the Constitution of the United States. She urges that in the event the rate of interest is found to be usurious under C.C. Art. 2924, the plaintiff be directed to refund or credit to her the sum of such usurious interest under R.S. 9:3501 (Tr. 51).
We are unable to discern from the record any infringement on the rights of the defendant under the federal constitution, and we consider this court is solely concerned with the problem of determining whether the interest or discount included in the said promissory note is usurious, or whether the interest (discount) on the face of the said note constitute an exception to the general rule set forth in C.C. Art. 2924.
Though her counsel has made a cogent and scholarly presentation in brief of the historical background of the laws against usury, and the language and meaning of the subject codal article in support of an interpretation which would redound to the advantage of the defendant, nonetheless, under the holding in General Securities Finance Co., Inc. v. Jumonville, supra, with facts analagous to the case at bar, the instrument in question is an exception to the general rule set forth in said C.C. Art. 2924, and the owner of the note is entitled to recover the entire amount thereof.
As pointed out in the case of The Meadow Brook National Bank v. Recile, 302 F.Supp. 62, (U.S.D.C.1969) the consistent interpretation by the courts of the State of Louisiana that the provisions of C.C. Art. 2924 authorize the capitalization of interest (“discount”) in a note at a rate higher than 8% per annum calls for action on the part of the Louisiana Legislature to correct “this deplorable situation”. In conformity with this critical appraisal of Jumonville and its related line of cases contained in Meadow Brook, the law review commentators, without exception, have looked with a jaundiced eye at the *531 Louisiana jurisprudence which effectively eliminates any limitation to the amount of interest which a lender may charge, as long as the interest is capitalized. In this connection see Cazalas, “Usury Law in Louisiana”, 14 Loy.L.Rev. 301 (1968); 39 Tul.L.Rev. 328 (1965); 35 Tul.L.Rev. 276 (1960). See also Ciasen v. Excel Finance Causeway, Inc., 170 So.2d 924 (La.App.1965), writ ref. 247 La. 619, 172 So.2d 702; and Williams v. Alphonse Mortgage Co., 144 So.2d 600 (La.App.1962) in which cases the courts have invoked the Legislature to enact legislation designed to make meaningful the provisions of C.C. Art. 2924.
In view of the rulings in General Securities Finance Co., Inc. v. Jumonville, supra, and many cases of the same import, not necessary for citation here, it appears that any change, amendment or alteration of the content of the subject codal article is addressed to the legislature, and not to the judiciary.
The judgment of the trial court will be affirmed and defendant-appellant will pay the costs of this appeal.
Affirmed.