269 So.2d 274 (1972)
M. Cordill GRUNEWALD
v.
Joseph BARTHOLOMEW.
No. 4611.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1972.
Rehearing Denied December 5, 1972.
*275 Warren E. Mouledoux, New Orleans, for plaintiff-appellee.
Racivitch & Wegmann, William J. Wegmann, New Orleans, for defendant-appellant.
Before SAMUEL, CHASEZ and GULOTTA, JJ.
SAMUEL, Judge.
This suit on a promissory note was brought by the holder against the maker. The note is dated May 6, 1968, payable to bearer on demand, in the face amount of $5,750, with 8% interest per annum from maturity until paid. It also provides for attorneys' fees of 20% of the principal and interest due. No payment of any kind was made on the note. In the trial court and in this court the defenses urged by the defendant were and are absence of consideration and, alternatively, that the note called for usurious interest.
The case was tried in the absence of the defendant for the reason that, according to the testimony of his daughter, his advanced age and senility prevented his appearance and there was little likelihood his condition would ever change. After a trial on the merits, there was judgment in favor of the plaintiff for $5,750, with 8% per annum interest from May 12, 1969 until paid, plus attorneys' fees of 20% of the principal and interest due. The defendant has appealed. Subsequent to the taking of the appeal the defendant died and in this court the administratrix of his succession has been substituted as appellant.
The facts are relatively simple. On May 6, 1968 plaintiff loaned $5,000 to the defendant and the latter simultaneously executed the note in suit for $5,750. The face *276 amount of the note thus contained $750.00 capitalized interest.
The $5,000 actually loaned was evidenced by four checks, one payable to the defendant and Orleans Loan & Credit Corporation for $1,232.40, one payable to the defendant and Albert A. Villegas for $1,000, one payable to the defendant and Orleans Loan & Credit for $214.20, and one payable to the defendant alone for $2,553.40. The last mentioned check was stamped "FOR DEPOSIT" on its reverse with the defendant's bank stamp and was deposited into his account.
Albert Villegas, president of Orleans Loan & Credit, testified the defendant was indebted both to his company and to him personally. The two checks made payable jointly to the defendant and Orleans Loan & Credit were used to pay delinquent loans owed to Orleans Loan & Credit, while the check for $1,000 made payable jointly to the defendant and Villegas was used to reimburse Villegas for a loan which he had made to the defendant to meet a payroll obligation incurred by the latter at some prior time. Villegas further testified the balance of the $5,000 actually loaned was represented by the check made payable to the defendant alone and that amount was for payment of debts which Bartholomew owed to third persons.
The checks made payable to the defendant jointly with either Villegas or Orleans Loan & Credit were all endorsed by the defendant; and the overwhelming weight of the evidence establishes that the entire $5,000 actually loaned was in fact received by the defendant. That it was paid in part to him and in part jointly to him and others is immaterial. The portion received jointly was used by him to pay legitimate obligations which he owed to Orleans Loan & Credit and to Villegas and thus inured to his benefit. The lower court so held; and we agree that the first defense of absence of consideration for the note is without merit.
The alternative defense of usury has more substance. Plaintiff's testimony is that the note was made payable on demand at the request of the defendant because the latter thought he would be able to make full payment at an early date out of an expected sale of cemetery lots which he owned; and later, when it was ascertained he could not make accelerated payment, a mutual agreement was reached as to a one year maturity. However, contrary to the testimony of the plaintiff, Villegas testified he made the note payable on demand and there was no agreement as to a one year maturity. Villegas further stated he knew from past business transactions with the defendant that the note would not be paid before that period of time. The record is further clear that it was Villegas who computed the $750 capitalized interest. Both plaintiff and Villegas testified that demand on the defendant for payment was made no earlier than May 12, 1969, six days more than one year after the date of the note. This testimony is uncontradicted and must be accepted as correct since the burden of proving usury rests on the defendant who claims it.[1]
Accordingly, we find, as did the trial judge,[2] that the first demand for payment was made on May 12, 1969. We also find there was no agreement by the maker relative to a one year maturity of the note.
Under LSA-C.C. Art. 2924, which provides inter alia that the conventional interest involved herein cannot exceed 8% per annum, our jurisprudence consistently and uniformly has been to the effect that the holder of a promissory note may collect its face value despite the fact that a portion of the face amount represents capitalized interest in excess of the 8% per *277 annum legal rate, provided the instrument does not additionally call for more than 8% annual interest after maturity; under such circumstances, even if the capitalized interest, as annualized, represents more than 8% per annum, the note is nonetheless not usurious.[3] Our courts also have consistently held that a discount note shall not bear more than 8% per annum interest after maturity.[4]
This rule, which permits capitalized interest plus not more than 8% annual interest provided the latter is due only after maturity, contemplates an interval of time between the date of execution and the date when the 8% or less annual interest becomes applicable; when due prior to maturity such interest makes the note usurious if the total of the capitalized and annual interest exceeds 8% per annum.
Here there is no question, of course, that the capitalized interest alone exceeds the legal rate of 8%. And in view of the fact that a promissory note made payable on demand, as is the note in suit, is due and demandable from the moment of its execution,[5] insofar as the rule is concerned, we see no material difference between a note calling for interest from date and a demand note with interest payable from maturity. As maturity in a demand note is the date of the instrument, there is no interval of time between date and maturity; they occur at the same time. Nor can the holder of the note in suit unilaterally change the annual interest provision from the date of the note to one year or more from date and thus cure the usurious nature of the instrument. Usury is determinable from the face of the instrument, from the time that interest is due on its face and not from the time when payment of interest may be demanded. The holder can no more change the usurious nature of this instrument than can the holder of a note calling for 25% annual interest change such a note from usurious to legal by offering to accept the legal rate of interest. Accordingly, we hold the note in suit is usurious, the penalty for which is forfeiture of the entire interest contracted, here the forfeiture of both capitalized and annual interest.[6]
For the reasons assigned, the judgment appealed from is affirmed in part, reversed in part and recast so as to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, M. Cordill Grunewald, and against the defendant, Leontine B. Demar, administratrix of the Succession of Joseph Bartholomew, in the full sum of $5,000, plus an attorney's fee of 20% of said $5,000; all costs of these proceedings in both courts to be paid by plaintiff, M. Cordill Grunewald.
Affirmed in part; reversed in part.
NOTES
[1] See Preferred Investment Corporation v. Denson, La.App., 251 So.2d 455; All State Credit Plan Jefferson, Inc. v. Daniels, La.App., 239 So.2d 470.
[2] As we have stated above, the trial court judgment allows 8% interest from May 12, 1969 until paid.
[3] See, for example, General Securities Co. v. Jumonville, 216 La. 681, 44 So.2d 702; Capitol Loans, Inc. v. Williams, La.App., 251 So.2d 528; Soab v. Murphy, La.App., 174 So.2d 157; Williams v. Alphonse Mortgage Co., La.App., 144 So.2d 600; Hailes v. Hynson, 12 Orleans App. 327; and Heymann v. Reynolds, 12 Orleans App. 287.
[4] See Lawrence v. Durr, La.App., 195 So. 2d 337 and the cases cited supra footnote 3.
[5] We find two cases, Snider v. Bozarth, La.App., 180 So.2d 800, and Halstead v. Lewis, La.App., 160 So. 834, are not apropos here. Those cases hold only that, while a demand note is due and demandable from the moment of its execution, in connection with attorney fee provisions contained in the note, it does not become overdue and in default until after its payment has been demanded.
[6] LSA-R.S. 9:3501; Rosenthal & Rosenthal, Inc. v. Houma T. H. Apts., Inc., La.App., 238 So.2d 9; Busada v. Goeders, La.App., 236 So.2d 669; Gordon Finance Company v. Chambliss, La.App., 236 So.2d 533; Lawrence v. Durr, La. App., 195 So.2d 337.