353 So.2d 1307 (1977)
George M. PAULAT, Plaintiff-Appellee-Respondent,
v.
Jasper PIRELLO, Defendant-Appellant-Applicant.
No. 60003.
Supreme Court of Louisiana.
December 19, 1977.
Rehearings Denied January 27, 1978.
*1308 Leon Gary, Jr., Gary & Field, Baton Rouge, for defendant-applicant.
Clifton O. Bingham, Jr., Jimmie R. Major, Baton Rouge, for plaintiff-respondent.
TATE, Justice.
La.R.S. 9:3501 provides for forfeiture "of interest in excess of that authorized by law" collected by virtue of a contract so providing. The issue before us is whether a lender may avoid forfeiture of payments made and received as usurious interest, by re-characterizing them as payments on principal, after the borrower disputes their usurious character.
We hold that the lender may not avoid forfeiture of usurious interest under such circumstances. Accordingly, we reverse the intermediate and trial courts' decisions to the contrary. 345 So.2d 527 (La.App. 1st Cir. 1977), certiorari granted 347 So.2d 257 (La.1977).

*1309 (1)
The facts are set forth in full in the cited court of appeal opinion. They essentially show:
From 1964 to 1968, the lender Paulat and the borrower Pirello had transacted several loans on the following basis: In borrowing $10,000, the borrower executed a note payable in six months for the sum of $10,900 (thus capitalizing interest at the rate of 18% per annum), bearing interest at the maximum conventional rate of 8% from maturity. When these notes became due, the borrower paid $900 (i. e., the capitalized interest) and then executed a new note for $10,900 (i. e., thus capitalizing interest for an additional six months).
For present purposes, it is sufficient to say that the notes and interest so collected did not violate the maximum conventional 8% rate of annual interest allowed by Civil Code Article 2924. The provisions of this article have been interpreted to except from a usurious nature those capitalized sums to be paid for the use of the money which are included within the face amount of the note, providing that the note does not bear interest after maturity for more than the maximum interest allowable. General Securities Co., Inc. v. Jumonville, 216 La. 681, 44 So.2d 702 (1950).

(2)
The present two notes sued upon were apparently initially intended to bear 18% Capitalized interest and to be paid and renewed in the same manner. On May 15, 1969, the borrower renewed a $10,000 loan by executing a new note for $10,900, due in six months, and bearing interest at 8% from maturity until paid. On July 28, 1969, the borrower executed a similar note of $10,900, due in six months, in return for a loan of $10,000.
However, unlike prior lending agreements between the parties, thereafter until 1972 the borrower simply paid $900 on each note every six months, without executing a new note. These payments were denoted as for interest on the face of the checks by which the borrower paid them, and the lender received them and entered them into his books as interest.
Succinctly, by so doing, the borrower paid and the lender accepted interest at the usurious rate of 18% annually on each of the notes, even though the notes were stated to bear interest only at the allowable rate of 8% annually from maturity.
These payments were apparently made and received without the benefit of advice from a lawyer. The issue of their usuriousness arose in 1973, when the borrower retained counsel in connection with the lender's demand that he re-execute notes on these two loans in order to secure extensions of them. These notes were to include capitalized interest at the rate of 18% for post-1972 periods during which the borrower was delinquent in his (18%) interest payments.
Upon the borrower's refusal to execute these new notes, the lender brought suit on the two 1969 notes. However, in his suit the lender credited each $900 payment partly to interest at the maximum 8% conventional rate allowable, and the remainder to principal. By this (re)calculation, only $6,683.51 (plus 8% interest from November 15, 1972, and attorney's fees) was due on the May 15, 1969 note of $10,900; while only $7,291.84 (plus interest at 8% from July 28, 1972, and attorney's fees) was due on the July 28, 1969 note of $10,900.
The previous courts essentially allowed judgment as prayed for.

(3)
The legal principles applicable are clear:
"Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted," La.R.S. 9:3501 (1950) (Italics supplied). All sums collected as interest (however denoted) after maturity in excess of the maximum 8% per annum allowed by Civil Code Article 2924 are usurious and are forfeited to the borrower. Karmgard v. Southland Mtg. & Title Co., 341 So.2d 1109 (La.1977); Thrift Funds of Baton Rouge, *1310 Inc. v. Jones, 274 So.2d 150 (La.1973) . " * * * [W]here usury is a defense to a suit on a promissory note or other contract of similar character, . . . it is permissible for the defendant to show usury whether same was given by way of discount or otherwise, by any competent evidence," Civil Code Article 2924. Karmgard and Thrift Funds decisions, cited above.
Under these principles, the lender forfeited all interest during the period in which he collected usurious interest, while the borrower is entitled on his reconventional demand to receive credit against the principal for all such usurious payments, since by La.R.S. 9:3501 they were forfeited by the lender.

(4)
In arguing to the contrary, the lender essentially argues that the notes themselves (bearing 8% interest only from maturity) were not usurious on their face. Therefore, it is argued, any agreement subsequent to execution of the notes could not convert them into a usurious contract (it being further denied that there was any such agreement).
The lender relies heavily on Grunewald v. Bartholemew, 269 So.2d 274 (La.App. 4th Cir. 1974). There, interest due on a note, held to be usurious as written, was held to be forfeited by the lender, despite his attempt to avoid forfeiture by suing on the note in a manner so as to avoid collection of usurious interest. In holding the interest to be usurious (and thus forfeited), the court stated that "usury is determinable from the face of the instrument." 269 So.2d 277.[1]
Grunewald under its facts is a correct statement of principle. It does not, however, purport to legitimize, as non-usurious, payments exacted after execution of a note not usurious on its face, when such subsequent payments in fact and by agreement of the parties constitute usurious interest. And that is the issue before us in this litigation.
In the present case, following maturity of the two notes, the borrower made payments denoted as interest, and the lender accepted them as such, at the rate of $900 on each note every six months, being at the usurious rate of 18% per annum.[2]
In denying that these payments were made pursuant to a "contract" so as to be forfeitable under La.R.S. 9:5801, the lender overlooks that "A contract is an agreement" between two parties, Article 1761. (Cf., Article 1762: "The contract must not be confounded with the instrument in writing by which it is witnessed.") By mutual agreement of the two parties following maturity of the notes, payments of interest were made and received at the rate of 18% per annum. These payments were thus made and received by virtue of the contract or agreement, express or implied, entered into by the parties after maturity of the notes that interest would be paid in that manner and at that rate. Articles 1797 et seq.
Since the interest payments so made by virtue of the agreement(s) are usurious, the "entire interest so contracted" by the borrower is forfeited by the lender. La.R.S. 9:3501.
Conclusion
The following payments were made on the respective notes:

*1311 A. On May 15, 1969 note of $10,900: 7 payments of $900 each for interest through November 15, 1972, totaling $6,300 since these payments are usurious and the defendant borrower is entitled to their return as credit against the principal, the balance of this note now due is $3,600. Further, all interest so collected is forfeited up through the payment of November 15, 1972, La.R.S. 9:3501; the lender is thus entitled to interest at 8% per annum only from November 15, 1972, until paid, as allowed by the trial court.

B. On July 28, 1969 note of $10,900: 6 payments of $900 each, plus $29 in payment of interest on interest (usuriously collected, see Article 1939 and Thrift Funds decision cited above), for interest through July 28, 1972, totaling $5,429 for the same reasons as in A above, the borrower is liable for a remaining balance of principal on this note of $5,471, plus interest at the rate of 8% per annum from July 28, 1972, until paid.

Decree
For the reasons assigned, we amend the judgment of the district court so as to allow the defendant judgment on the May 15, 1969 note only in the principal amount of $3,600 and on the July 28, 1969 note, only in the principal amount of $5,471, with both sums to bear interest and be assessed attorney's fees on these amounts from the dates and at the rates set forth in the district court judgment. As thus amended, the judgment is affirmed.
The plaintiff-appellee is assessed the costs of the appeal and of supervisory review in this court; all other costs are assessed one-half against each party.
AMENDED AND AFFIRMED.
SUMMERS, J., dissents for the reasons assigned by the Court of Appeal. 345 So.2d 527.

On Application for Rehearing
PER CURIAM.
Both parties have applied for rehearing.
The plaintiff Paulat calls to our attention a mathematical error of $1,000 in calculating the principal amount due on the note of May 15, 1969; accordingly, our original judgment is revised so as to show the net principal amount due to be $4,600. The other contentions raised by Paulat's application have been found by our majority opinion to be without merit.
The defendant Pirello complains:
(a) That we allowed interest on the principal of the May 15, 1969, and July 28, 1969 notes at 8% per annum from November 15, 1972, and July 28, 1972. The defendant suggests that, where usurious interest is contracted, "the entire interest so contracted" is forfeited. La.R.S. 9:3501 (Italics supplied).
The agreement (contract) between the parties for the borrower to pay usurious interest on the respective notes was in effect up until the 1972 dates stated. In our opinion, we held forfeited all interest prior to these dates; accordingly, we treated the notes as entitled to immediate credit in the amount of the interest payments against the principal due. Since no usurious interest was contracted beyond the 1972 dates, we found no legal bar to the lender's collection thereafter of the non-usurious rate agreed upon between the parties.
(b) That we failed to award the borrower legal interest on each of the usurious interest payments from the date it was paid by the borrower until the date the borrower collected it back. Karmgard v. Southland Mfg. & Title Co., 341 So.2d 1109, 1116 (La. 1977). We did not allow such interest only because, on the record before us, allowing immediate credit for each usurious payment against the principal did not permit the usurious lender to avoid payment of legal interest due to the borrower for such usurious payments improperly exacted.
By application for rehearing, the defendant borrower notes that, when the lower court judgment against him became executory, he paid the lender the full principal amount held due by the district court. (This amount, we held subsequently, was excessive, since it incorrectly did not reflect credit against the principal for usurious payments received by the lender from the *1312 borrower.) Accordingly, we reserve to the defendant Pirello, the borrower, the right to recover legal interest at 7 per cent per annum upon the excess of the amount paid by him after the district court judgment became executory, over the lesser amount to which our judgment held the lender to be entitled.
Both applications for rehearing are denied in all other respects.
As thus amended, our original opinion and decree is reinstated. We reserve to both parties the right to apply for further rehearing within the legal delays the further application to be limited to issues pertaining to these amendments of our original decision.
SUMMERS, J., is of the opinion a rehearing should be granted.
NOTES
[1] We are also cited to a quotation from 91 C.J.S. verbo Usury § 61, p. 642, which contains broad statements that a contract not tainted with usury at its inception will not be affected by subsequent usurious payments, "although such illegal payments . . . may well be usurious and void or unenforceable in themselves." The quotation does not rely upon any Louisiana decisions and, without examination of other jurisdiction's decisions cited, may well refer to those arising in jurisdictions which declare void and unenforceable the principal as well as the usurious interest exacted by the contract, cf. Section 56. The decisional authority allegedly summarized by the quotation is not shown to be relevant to the issues of Louisiana law with which we are now involved.
[2] This was in accordance with the rate agreed upon in the confection of original notes. However, the initial $900 payments for the first six-months use of the money prior to maturity of the notes was capitalized in the principal of each note and are therefore, under Civil Code Article 2924, excepted from the usury regulations.