LOTTINGER, Judge.
Plaintiff, Wright Insurance Agency, Inc., filed a petition for foreclosure via ordinaria based on defendant’s promissory note and an act of mortgage. Defendant, Mrs. Rodie *1208 G. Scott, answered the petition asserting the affirmative defense of usury. From a judgment in favor of defendant, plaintiff has appealed, and defendant has answered the appeal.
On March 7, 1961, defendant executed a promissory note and mortgage in the amount of $4,008.51, bearing interest at the rate of 8% per annum from date, and payable in monthly installments of $65.00. During the course of this loan, plaintiff paid for insurance and a repair bill which were charged against the outstanding principal balance. Throughout the course of repayment, defendant was late in making some payments. When a late payment was made, a penalty or late charge ranging from $2.00 to $5.00 was assessed. These charges were never credited to either principal or interest. On May 4, 1973, plaintiff filed suit to collect a principal balance of $4,874.00, plus 8% per annum interest from December 2, 1972, and attorney’s fees.
The trial judge held the penalty or late charges constituted usury, thus forfeiting all interest on the note. La.R.S. 9:3501. After crediting the principal due with all interest paid, the trial court rendered judgment in favor of plaintiff for $1,080.07 with legal interest thereon from May 4, 1973, plus attorney’s fees and all costs.
In appealing, plaintiff contends the trial judge erred in holding that the note was usurious, and that the defendant had not carried her burden of proof. Defendant has answered the appeal contending that no interest should be due on the judgment rendered.
Plaintiff argues that usury is determinable from the face of the instrument, and the promissory note in this case is not usurious on its face citing Grunewald v. Bartholomew, 269 So.2d 274 (La.App. 4th Cir. 1972), Paulat v. Pirello, 345 So.2d 527 (La.App. 1st Cir. 1977). We disagree. In Paulat v. Pirello, 353 So.2d 1307, 1310 (La.1977) the Supreme Court said:
“Grünewald under its facts is a correct statement of principle. It does not, however, purport to legitimize, as non-usurious, payments exacted after execution of a note not usurious on its face, when such subsequent payments in fact and by agreement of the parties constitute usurious interest.”
We agree that the penalty or late charges assessed constituted usury, Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297 (La.1973), Thrift Funds of Baton Rouge, Inc. v. Jones, 274 So.2d 150 (La.1973), thus resulting “in the forfeiture of the entire interest so contracted.” La.R.S. 9:3501.
Further, plaintiff asserts that each penalty assessment was a separate agreement and thus, only the penalty charges are forfeited since the note contains no usurious interest, citing Paulat v. Pirello, 353 So.2d 1307 (La.1977). We distinguish this decision in that the usurious interest was not in the form of penalty charges. The implied agreement between the Wright Agency and defendant for the payment of penalty charges by its nature will not terminate until the debt is extinguished.
We disagree with plaintiff’s contention that the defendant failed to carry her burden of proof as to usury. Defendant’s answer clearly pleads the affirmative defense of usury, and we are convinced by the record that she established that penalty charges were assessed which were neither credited to principal nor interest.
As to defendant’s answer to the appeal that the trial judge erred in awarding legal interest, we disagree. La.R.S. 9:3501 only mentions interest contracted for, and being a penal statute, must be strictly construed.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.