LOTTINGER, Judge.
This is a suit on a promissory note. Defendants filed an answer and reconventional demand averring partial payment and usury, and seeking recovery of all interest paid on the note. From a trial court judgment in favor of plaintiff, defendants have appealed.
The promissory note in part reads:
JANUARY 9, 1975
“$3229.00
For value received, I/We, jointly and severally, promise to pay to the Copo Federal Credit Union, or order, the sum of THREE THOUSAND TWO HUNDRED TWENTY NINE and .00 Dollars plus interest on unpaid balances at the rate of 1 per cent per month, payable in SIXTY installments of SIXTY TWO and .43 Dollars, including interest; the first payment to be made on 1-14-75 and a like amount every SEMI MONTHLY thereafter until the full amount has been paid.”
The record points out that the true semimonthly payment was $62.427. This figure was rounded off in the note to $62.43. Defendants-appellants argue the payment of $62.43 in 60 semi-monthly installments amounts to 12.01 per cent interest per an-num, which is usurious. Credit unions, as of the date of the promissory note, were authorized to charge “interest, which shall not exceed one per cent a month computed on unpaid balance.” La.R.S. 6:654, Act 160 of the 1972 Regular Session.
Plaintiff argues that rounding off the semi-monthly payments to the nearest cent is customary and does not make the interest rate usurious because interest, according to the terms of the note, is charged at the rate of 1 per cent per month on the unpaid balance. If the payment schedule had been maintained, at the 60th installment, the defendants would have paid only what was then due and owing — the unpaid principal balance plus interest at the rate of 1 per cent per month.
In Louisiana, usury is determined from the face of the instrument. Grunewald v. Bartholomew, 269 So.2d 274 (La.App. 4th Cir. 1972). In Paulet v. Pirello, 353 So.2d 1307 (La. 1977), our Supreme Court held that even though the note is not usurious on its face, if subsequent payments in fact and by agreement of the parties constitute usurious interest, then the forfeiture rule applies. La.R.S. 9:3501.
The note in this case recites a principal amount of $3229.00 and an interest rate of 1 per cent per month on the unpaid balance. The interest rate is that allowed by La.R.S. 6:654; it is not usurious. We disagree with defendants-appellants that the payment schedule makes the interest usurious. The payment schedule in the note merely sets forth the minimum payment to be made. Regardless of the payment, interest is only charged on the unpaid balance.
Defendants-appellants also argue that certain late payments were assessed and constituted usurious delinquency charges. The burden of proof is on the person claiming usury. Defendants have failed to meet their proof.
*208 Lastly, defendants-appellants allege that $125.00 of a $500.00 payment was erroneously charged as attorney fees. At the time of the $500.00 payment, the contracted payment schedule had not run its course, nor had plaintiff given notice of exercise of its option to accelerate the payments because of delinquency. Thus, attorney fees could not be charged. Chapman v. Capri Construction Company, 248 So.2d 101 (La.App. 4th Cir. 1971). The trial court judgment is amended to apply the $125.00 as a credit against the balance due.
Therefore, for the above and foregoing reasons, the judgment of the trial court is amended to allow a credit of $125.00 against the principal balance due and owing, and as amended it is affirmed at defendants-appellants costs.
AMENDED AND AFFIRMED.