WARD, Judge.
Usury is the issue in this appeal. The Trial Court found the lender, Thurman Ganus, had charged usurious interest to the borrowers, Joseph and Denise Jopes. As a consequence, the Trial Court held that all interest paid must be returned to Mr. and Mrs. Jopes. We agree the interest was usurious, and we affirm.
On December 11, 1978, Thurman Ganus and his wife sold immovable property to Joseph Jopes and his wife in a credit sale for $68,376.25. Mr. and Mrs. Jopes made a cash payment of $19,830.00 and signed a promissory note for the balance, $48,-546.25. The note provided for payment in five annual installments beginning December 11, 1979; the amount of each installment was to be $9,709.25 principal with interest of 10% on the unpaid balance. Neither the note nor the mortgage which secured it provided for late charges, but the note authorized attorney’s fees of 20% if ’the note was placed in the hands of an attorney for collection.
In December of 1979, Mr. Jopes knew he could not pay the first installment, and he sought an extension from Mr. Ganus. Mr. Ganus refused to give one. On December 21, Jopes tendered his check for the first installment. Ganus refused it. Jopes testified that after he had tendered payment, Ganus demanded a certified check and a higher interest rate of 15%. Ganus denied this, testifying he knew the maximum legal rate was 10%.[1] Nevertheless, Ganus spoke with his attorney, and told Mr. and Mrs. Jopes to meet in his attorney’s office to sign the extension. At that time, Mr. and Mrs. Jopes signed a promissory note for $4,854.63 — exactly 10% of the original note. Simultaneously, Jopes paid the first installment of the original note with a cashier’s check, and Ganus signed an agreement extending the first payment and all subsequent payments to January 1st of each year. The second note required four payments of $1,213.66 beginning January 1, 1981. Although he requested copies, Jopes was not given copies of the mortgage, the first note, the extension agreement, or the second note.
Lacking complete records of the transactions, Jopes timely paid three of the remaining four installments of the first note *239 by his personal check and in transmittal letters, referred to his check as payment of principal and 15% interest, apparently believing he had agreed to 15% interest on the first note. Jopes never specifically made payments on the second note, although he overpaid by 5% the interest on the first. When Ganus received the checks he credited the principal payment and all of the interest to the first note, even though the interest exceeded 10%.
In 1983 Ganus sued to recover the full amount of the second note, alleging no payments were made, and that the entire amount, $4,854.63 was due, with attorney fees. Jopes reconvened, alleging usury and demanding return of all interest paid on the first note and cancellation of the second. Ganus revised his books to give Jopes credit for the 5% excess interest payments on the second note, dismissed his claim for the second note, and answered the reconventional demand, denying usury.
Ganus now argues that the second note was given for attorney’s fees due under the first note, and that he agreed in the spirit of generosity to accept only half of the fee to which he was entitled — 10% instead of 20%. However, while testifying, Ganus repeatedly referred to the charge as a “penalty”. Ganus also said he made a mistake when he credited the payments of principal and 15% interest only to the first note, that any amount over 10% should have been credited to the second note, the one given for attorney’s fees. The Trial Judge thought otherwise, and made a factual finding that Ganus charged more interest on the first note than was permitted by law, although it did not equal 15% of the unpaid balance of the first note as Jopes apparently believed. It does not matter because it exceeded the amount permitted by law when the first note was executed, and it even exceeded the 12% permitted by law when the second note was executed. The only question is whether the second note was given for attorney’s fees or for additional interest that would be usurious either at 10% or 12%. We agree with the Trial Court — Jopes paid usurious interest. We reach that conclusion for the following reasons.
First, in spite of Ganus’ argument, the first note was never placed in the hands of an attorney for collection. Ganus employed an attorney (not his trial counsel nor his present counsel) only to prepare the extension agreement and the second promissory note; he was not employed to file suit to collect the first note. Neither Gan-us nor his first attorney ever had a right to recover 20% or even 10% in attorney’s fees. As an aside, it is questionable whether Ganus would ever be entitled to attorney’s fees that were not paid to an attorney for performing collection services.
Second, Jopes said in his letters to Ganus that the enclosed check was for principal and 15% interest, and Ganus took the checks for the principal with 15% interest, not 10%, and credited payment of the entire interest only to the first note. Hence, Gan-us must have considered the second note a promise to pay additional interest on the first.
After concluding that Ganus charged usurious interest, the Trial Court found there was no “consideration” given for the second note. We believe, however, that within the meaning of the Commercial Law of Louisiana, there was “consideration” — Ganus’ promise to defer payment until January 1, 1979. In other words, the second note was a promise to pay additional interest, or a penalty as Ganus says, in exchange for Ganus’ promise to defer collection. This does not change the result, because whether consideration was present is inconsequential. It does not matter whether the usurious interest is exacted by one contract or by two; the form or method by which usurious interest is charged is immaterial. Gordon Finance Company v. Chambliss, 236 So.2d 533 (La.App. 4th Cir. 1970) approved this premise:
No matter what the form of an agreement for an extra payment on account of delay to perform an obligation to pay money, the extra payment is interest; Griffin v. His Creditors, 6 Rob. 216 (La.1843).
*240 Thrift Funds of Baton Rouge, Inc. v. Jones, 274 So.2d 150 (La.1973) supports this view. Hence, we hold the Trial Court did not err when it found; usury..
The remaining issue centers on the question: What are the consequences of charging usurious interest? La.R.S. 9:3501 declares:
Any contract, for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted.
Ganus contends the Trial Court erred when it ordered him to return the entire interest collected — all of it. He argues that the entire interest is forfeited only when it becomes usurious. Since in this instance the first payment did not include interest beyond the 10% legal limit, Ganus contends he is entitled to it. He relies on two cases to support his argument: Paulat v. Pirello, 353 So.2d 1307 (La.1978) and Smith v. Ducote, 398 So.2d 190 (La.App. 3rd Cir.1981). Ganus quotes from Paulat:
The agreement (contract) between the parties for the borrower to pay usurious interest on the respective notes was in effect up until the 1972 dates stated. In our opinion, we held forfeited all interest prior to these dates; accordingly, we treated the notes as entitled to immediate credit in the amount of the interest payments against principal due. Since no usurious interest was contracted beyond the 1972 dates, we found no legal bar to the lender’s collection thereafter of the non-usurious rate agreed between the parties.
Rather than supporting Ganus’ position, this, we believe, supports the Trial Court’s decision. Paulat emphasizes the contract to pay usurious interest and held the entire interest paid during the time of the contract was usurious. After the contract terminated, then and only then was the lender entitled to the non-usurious interest. In other words, the time when the usurious interest is actually paid is immaterial. All of the interest paid under a usurious contract must be returned, even that which does not exceed the limit set by law. In the instant case, it is clear the second note, which was the promise to pay usurious interest, was made either before Ganus agreed to an extension and before he accepted the first installment on the original note; or at the very latest, the note was given simultaneously. But no matter when it was done, unless Jopes signed the note, Ganus would not have agreed to accept the first payment which was late. Thus, the contract to pay more interest began at the latest with the first payment, ending only after the final payment of the original note, and the interest — all of it — must be returned to Jopes.
Ganus’ reliance on Smith v. Ducote, supra, is also misplaced. At the time of the loan in Ducote, La.C.C. art. 2924 limited conventional interest on unsecured loans to 8%; while, illogically, La.R.S. 9:3503 permitted conventional interest on secured loans of 10%, from date. Nevertheless since the secured loan to Ducote required interest of 10% from maturity rather than from date the Third Circuit held that:
Since the statute specifically limits its application to obligations bearing interest from date and the note in this case bears interest at 10% from, maturity, we conclude that the interest rate violates Article 2924 and is therefore usurious.
LSA-R.S. 9:3501 provides:
Any contract for the payment of interest in excess of that authorized by law shall result in the forfeuture of the entire interest so contracted.
Thus, the Smiths must forfeit the 10% interest after maturity.of the note which they contracted. However, they are entitled to legal interest on the unpaid principal from maturity of the debt. La.C.C. art. 1938.
sfc ⅝ * * * jfc
398 So.2d at 193.
Whether or not we agree that this was usurious interest is unimportant for our case. Suffice it to say the Third Circuit ordered forfeiture of the entire interest, although it held that the lender was entitled to legal interest on the principal of the *241 loan from date of judicial demand. Ganus has confounded conventional interest with legal interest when he argues that Ducote supports a return of the non-usurious conventional interest. It does not.
Affirmed. All costs of this appeal are to be paid by appellant, Thurman Ganus.

. By Act 205 of 1979 the Legislature amended La.R.S. 9:3503 to increase the limits of conventional interest to 12%, effective July 6, 1979, but Ganus was unaware of the change.