FOIL, Judge.
The only issue in this appeal is whether a plaintiff in a products liability action may recover attorney’s fees as an element of damages from the manufacturer of a defective product, where the plaintiff is a user, but not the purchaser, of the product. We hold that a non-purchaser may not recover attorney’s fees from the manufacturer of a defective product, and affirm the lower court’s action in striking this item of damages from plaintiff’s petition.
Plaintiff, Sam Cashio, was electrocuted on December 30, 1986, as he was re-hanging a menu sign in front of a Western Sizzlin restaurant in Houma, Louisiana. At the time of the injury, plaintiff was an employee of Western Sizzlin. Western Sizzlin purchased the sign which was manufactured by Sterling Sign Corporation. Plaintiff brought this products liability action against the manufacturer and the installer of the sign. He later amended his petition to include a demand for attorney’s fees. In response, one of the defendants filed an exception of no cause of action, which was sustained by the trial court. Plaintiff sought writs in this court, and this court ruled that the trial court improperly sustained what amounted to a “partial” exception of no right of action. Thereafter, defendants filed a motion to strike the attorney’s fee demand from plaintiff’s petition, which was granted by the trial court. This appeal followed.
Plaintiff contends that Louisiana law authorizes a non-purchaser/user to recover attorney’s fees against a manufacturer in a products liability action. We, however, find nothing in our law to authorize the imposition of attorney’s fees against a manufaeturer/seller of a product in a suit brought by a user, but not the purchaser, of a product.
As a general proposition, attorney’s fees are not awardable unless provided for by contract or by statute. Huddleston v. Bossier Bank and Trust Company, 475 So.2d 1082 (La.1985). La.Civ.Code art. 2545 has been utilized to award attorney’s fees in a products liability action against a manufacturer/seller, brought by the purchaser of the defective product. La.Civ. Code art. 2545 provides as follows:
Art. 2545. Liability of seller for concealment of vice
The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.
By its very terms, this article allows only a purchaser of a product to recover attorney’s fees from the seller who knows of the vice in his product. The courts have therefore held that in a products liability action brought by the user, but not the purchaser of a product, attorney’s fees are not awardable. See Cole v. City of West Lake, 517 So.2d 928 (La.App. 3d Cir.1987).
Plaintiff’s reliance on the ease of Philippe v. Browning Arms Company, 395 So.2d 310 (La.1980), as supporting its position that a non-purchaser may recover attorney’s fees against a seller of a product is misplaced. In Philippe, the Supreme Court held that where a purchaser of a product failed to specifically plead recission *1390 of the sale but only pled tort theories in an action against a manufacturer, the purchaser nonetheless was not precluded from recovering attorney’s fees under La.Civ. Code art. 2545. The purchaser in that case had a cause of action in redhibition, and was therefore not penalized for failing to plead legal theories under Louisiana’s system of fact pleading.
Simply put, no case has allowed a non-purchaser to recover attorney’s fees from a manufacturer/seller in a products liability action for the obvious reason that a non-purchaser does not have a cause of action in redhibition for the avoidance of the sale, or in quanti minoris for the reduction of the purchase price. The non-purchaser may not therefore use La.Civ.Code art. 2545 to recover attorney’s fees and expenses occasioned by the sale. Plaintiff is not within those classes of persons entitled to the remedy of La.Civ.Code art. 2545.
Based on the foregoing, we affirm the action of the lower court in striking the element of attorney’s fees from plaintiff’s petition. All costs of this appeal are assessed to plaintiff.
AFFIRMED.