SEXTON, Judge,
dissenting.
The seminal legal principle involved in this ease is that any contract for the payment of interest in excess of that authorized by law results in the forfeiture of the entire interest so contracted. LSA-R.S. 9:3501. Further, all sums collected as interest after maturity in excess of that allowed by law are usurious and are forfeited. Paulat v. Pirello, 353 So.2d 1307 (La.1977).
I am unaware that there is any contention that the instant payments were made subsequent to maturity. Therefore, the heart of cause the lender showed the borrower the ledger sheets upon which the lender had improperly calculated the interest, the contract was therefore implicitly amended to provide for usurious interest. I suggest this holding stretches the facts and is in error.
Furthermore, it should be emphasized that the circumstance in which the borrower and lender went to the borrower’s attorney concerning the status of the note because of the lender’s concern about its validity does not assist the majority. It can in no way amount to an implied agreement. The lender had *27 payments. He therefore had become concerned about the validity of the note because of the amount of time which had elapsed. As a result of conversations between the lender and the borrower, they went to see the borrower’s attorney on that issue. Upon the advice of that attorney, no action was taken.
I further suggest that the jurisprudence from which the majority seeks assistance does not lend support to the majority opinion. Bamburg v. Lavigne, 403 So.2d 827 (La.App. 2d Cir.), writ denied, 409 So.2d 615 (La.1981), involved a unique contract which by its terms became usurious subsequent to its execution. Paulat v. Pirello, supra, and Blanchard v. Progressive Bank & Trust Company, 413 So.2d 589 (La.App. 1st Cir.1982), either specifically or implicitly involved payments of usurious interest after maturity. I therefore believe this is a simple case of erroneous calculation similar to Huddleston v. Bossier Bank and Trust, 475 So.2d 1082 (La.1985), as there was no contract for the collection of usurious interest and none was collected after maturity. For the reasons expressed here and in the original opinion, I respectfully dissent.