PONDER, Judge.
This action arises out of a suit brought by the People’s National Bank of New Iberia for the enforcement of a promissory note executed by the defendant, Emile Duchamp. Plaintiff, People’s National Bank, asserted that the note sued upon was payable on demand; and that interest was due on the balance owing on the note, from its date, February 2, 1964. Attorney’s fees were also alleged to be due in accordance with the contractual provisions of the note. Defendant filed dilatory exceptions of lack of procedural capacity and vagueness which were overruled by the lower court. After trial on the merits, the lower court held contrary to defendant’s allégation that the note was a time-payment or installment note and upheld the plaintiff’s assertion that the note was a demand note. From this judgment in favor of plaintiff defendant appealed.
Facts and circumstances deemed relevant in our resolution of the issues on appeal are set out in the following. Plaintiff’s petition was accompanied by a photostatic copy of the original note, which copy also revealed, on its reverse side, a listing of payments entirely credited to principal through the month of June, 1966. At the trial of the case, the original note itself was introduced into evidence at which time an “alteration” in the body of the note was recognized to exist by the court. After a trial on the merits, the lower court determined that the alteration was not material in nature and that the correct construction of the note’s terms was not such as to be creative of an installment or time-payment negotiable instrument.
On appeal, the attention of this court is directed to several specifications of error *565 alleged to have been committed by the trial court. We find that the crucial issue involved in a determination of this appeal is resolved by answering the following questions. First, what is the true status of this instrument and, this being determined, what effect is this note to be given between these parties.
To better facilitate an understanding of the note, a facsimile of the original is included herein.

We agree with the trial judge that the above instrument constituted a demand note; by its terms it provides for payment upon demand. The notation in the left lower corner is more indicative of a collateral agreement or understanding substantially to the effect that monthly installments would be satisfactory until further arrangements were made rather than an amendment of a demand note into an installment one. The fact that the payments made were credited to the principal without any deduction for interest is indicative, too, of an agreement to the effect that interest would not be required at least for the time being. We therefore believe that the note while a demand one did not include the full agreement of the parties. We therefore can consider extraneous evidence to show the real intention of the parties. Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965); and Bank of St. John v. Hibernia Bank & Trust Co., 189 La. 1, 179 So. 15 (1938).
Considering all the evidence we find that the agreement was substantially as follows:
The debt, evidently arising out of financial difficulties of Pineville Canning Company, of which defendant was legal counsel and defendant’s family stockholders, would be evidenced by a demand note so that the plaintiff could require payment in full at any time. No interest would be required until such time as defendant was in better financial condition, perhaps never; this, however, would be at the option of the plaintiff, who could initiate the accrual of such interest by the making of demand therefor. This was done in this case by numerous requests for payment and the filing of suit. See R. page 84 in which the following statement was made by the defendant to the Court:
“ — and there was no charge for interest and the intention was that there would not be any interest on this note, except on demand for full payment. And, the first demand I had was when *566 this suit was filed, to pay this thing out in full.”
See further defendant’s statement at page 106 of the record:
“Nevertheless, I will argue in my brief that interest, assuming that judgment would be rendered against me for that amount, would run from judicial demand —the date of this pleading, and certainly not from the date of that note.”
Under these circumstances, interest would be due from date of demand, which, we believe, from the evidence to have been prior to the filing of the suit. However, the date of such demand was not proved; hence we allow interest only from the filing of the suit.
The above finding renders moot the question of the “alteration,” since the underlying agreement controlled the accrual of interest rather than the terms of the note. The alteration, if any, would not be a material one. Nevertheless, we express considerable doubt that the line through or under the word “maturity” in the note was made with the intent to alter; rather the mark could have been made with the idea of emphasizing or calling attention to. Certainly, the intent to obliterate is not so evident in this instance as in others in the same note.
The above finding also obviates the consideration of the interesting legal question as to the effect of the “alteration,” inter-lineation or underlining on the original note after a photostat thereof had been filed with the petition.
We therefore amend the judgment of the trial court so as to provide for the accrual of interest at the rate of 6 percent per an-num on the unpaid balance from the date of filing of suit and affirm as amended.
Amended and affirmed as amended.
FRUGÉ, J., dissents and assigns written reasons.