413 So.2d 589 (1982)
Stewart P. BLANCHARD
v.
PROGRESSIVE BANK & TRUST COMPANY.
No. 14658.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
*590 Edward James Gaidry, Houma, for plaintiff and appellant.
Danny J. Lirette, Houma, for defendant and appellee.
Before ELLIS, PONDER and SAVOIE, JJ.
PONDER, Judge.
Plaintiff appealed from the judgment that denied the declaratory relief requested and held that his promissory note was payable on demand and the interest rate was not usurious.
The issues are whether: the note was payable on demand, the rate of interest was usurious, and the amendment of the usury laws cured the usurious rate.
Plaintiff borrowed fifty thousand dollars from the defendant bank in July of 1977. The note was secured by a demand collateral real estate mortgage; it provided for a 10% interest rate and stated that payment was "due on demand, if no demand is made, then $600.00 monthly beginning 8-1-77".
Plaintiff testified that he understood that he would repay the loan in monthly installments for a period of ten years and that the bank could demand immediate payment only if he defaulted under the terms of the note.
After paying $600.00 monthly for approximately one year, the plaintiff received a letter from the defendant stating that the interest rate would be raised from 10% to 11% per annum. Plaintiff continued to make the monthly $600.00 payments.
Approximately one year later, plaintiff received a second letter from the defendant stating that the interest rate would be raised to 12.75%. The letter contained a consent form in which the debtor could elect to be controlled by the Consumer Credit Law. When plaintiff refused to sign the consent form, the defendant refused to accept any further monthly payments and informed the plaintiff they would demand full payment on the note. Plaintiff filed this action seeking declaratory relief and forfeiture of usurious rates.
The trial judge, in written reasons, found that the note was a demand note. He also held that there was no usury because the plaintiff never agreed to any increase in interest.
*591 An instrument payable on demand includes those payable at sight or on presentation and those in which no time for payment is stated. La.R.S. 10:3-108.[1]
In People's National Bank, New Iberia v. Duchamp, 287 So.2d 563 (3rd Cir. 1973) a note stated that it was payable "on demand". A notation in the corner of the note referred to monthly installments. The court ruled that the notation was indicative of a collateral agreement made by the parties to provide for monthly installments, but did not destroy the demand nature of the note.
The trial judge was correct in interpreting the note as a demand note, but providing for monthly installments if no demand is made.
Since we find that the language of the note is not ambiguous, we need not reach the question of the application of La.C.C. Art. 1957 and 1958.[2]
Also, the plaintiff may not avoid an obligation merely by contending that provisions were not read and explained to him or that he did not understand them. See Bud Finance Company, Inc. v. Gilardi, 330 So.2d 622 (4th Cir. 1976).
Plaintiff argues that the 11% rate charged in 1978 was usurious and that all interest payments paid and becoming payable following the raise in the rate should be forfeited.
At the time the note was made, the maximum rate of conventional interest was 10%. La.R.S. 9:3503.[3] The president of the defendant bank testified that he knew the 11% rate was usurious.
The note in question is not usurious on its face. However, if subsequent payments in fact and by agreement of the parties constitute usurious interest, then the entire interest under the agreement is forfeited. Paulat v. Pirello, 353 So.2d 1307 (La.1977). La.R.S. 9:3501.[4] Parol evidence may be admitted to show that usurious interest was paid and accepted. Karmgard v. Southland Mtg. & Title Co., 341 So.2d 1109 (La.1977).
The only evidence of the increase was the letter the defendant sent to the plaintiff providing that effective on the date of the letter, the interest would be raised to 11%. Plaintiff testified that he thought such action was within the power of the defendant and did not object.
Defendant argues that there is no contract between the parties providing for the usurious interest rate. As pointed out in Paulat v. Pirello, supra, a contract is an agreement between the parties, and is not to be confused with the instrument in writing by which it is witnessed. La.C.C. Art. 1761, 1762.[5]
*592 Plaintiff next argues that all interest paid and becoming payable after the increase of interest to 11% should be forfeited. The defendant replies that the 1979 amendment to La.R.S. 9:3503, increasing the maximum rate to 12% cured the usurious charge.
La.R.S. 9:3501 provides that any contract which provides for usurious interest results in the forfeiture of all of the interest under the contract and not just the usurious portion. Thrift Funds of Baton Rouge, Inc. v. Jones, 274 So.2d 150 (La. 1973). The amendment of La.R.S. 9:3503 cannot remedy the situation because the agreement for a usurious rate was made and all interest under that agreement is forfeited.
The record indicates that plaintiff was not allowed to pay his $600.00 payment for the month of October, 1979 because he would not consent to the 12.75% rate. Plaintiff received a letter from the bank threatening to demand full payment of the note by October 15, 1979. The plaintiff responded through his attorney that he did not consent to the 11% or 12.75% interest rate. The disagreement by the parties as to the interest rate terminated the prior 11% interest agreement. Therefore, the interest paid from November 15, 1978 through September of 1979 was forfeited under the statute.
The defendant is not prevented from collecting 10% interest from the termination of the 11% agreement until the note is paid in full. The 10% rate originally contracted under the note is not usurious, and there is no legal bar to the collection of it by the defendant. Paulat v. Pirello, supra.
For these reasons, the judgment is affirmed in the finding that the note was a demand note but reversed in finding that none of the interest was forfeited due to a usurious rate. There is now judgment decreeing that all interest paid November 15, 1978 to September 19, 1979 be forfeited. Costs are to be equally divided between the plaintiff and defendant.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] La.R.S. 10:3-108:

"Instruments payable on demand include those payable at sight or on presentation and those in which no time for payment is stated."
[2] La.C.C. Art. 1957 and 1958:

"In a doubtful case the agreement is interpreted against him who has contracted the obligation."
"But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee."
[3] Prior to amendment by Act 1979, No. 205 § 1, effective July 6, 1979, La.R.S. 9:3503 provided that 10% was the maximum rate. The amendment by Act 1979 raised the rate to 12%.

"Notwithstanding any other law to the contrary, particularly but not exclusively Louisiana Civil Code Article 2924, the amount of simple conventional interest on obligations bearing interest from date and secured in whole or in part, directly or indirectly, by a mortgage on immovable property, shall not exceed twelve percent per annum. The same must be fixed in writing; testimonial proof of it is not admitted in any case."
[4] La.R.S. 9:3501:

"Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted."
[5] La.C.C. Art. 1761, 1762:

"A contract is an agreement, by which one person obligates himself to another, to give, to do or permit, or not to do something, expressed or implied by such agreement."
"The contract must not be confounded with the instrument in writing by which it is witnessed. The contract may subsist, although the written act may, for some defect, be declared void; and the written act may be good and authentic, although the contract it witnesses be illegal. The contract itself is only void for some cause or defect determined by law."