REDMANN, Chief Judge.
Continental Casualty Company, sued as a tort liability insurer, intervened as the workers’ compensation insurer of plaintiff’s employer. The trial judge treated Continental as two parties, one the defendant and one (the intervenor) aligned with plaintiff. Under C.C.P. 1764, he added three peremptory juror challenges to each “side” and gave to Continental three of the plaintiff-side challenges and all nine of the defendant-side challenges. Thus Continental got twelve to plaintiff’s six.
That was error. One cannot be aligned against oneself on the side of a third party. Continental-as-intervenor was not on the same side with plaintiff against Continental-as-defendant. Continental is not a split personality; its interest at all times is to defeat plaintiff’s action completely (by winning as defendant) or to reduce plaintiff’s recovery (by winning as intervenor).
The error was not harmless, notwithstanding the unanimous verdict and the need for only nine to agree. Continental in fact exercised nine challenges, three more than it should. Those extra peremptory challenges may have excluded three jurors who might have all voted against the verdict and persuaded others to do so as well.
We therefore remand for trial by a properly constituted jury.
We do affirm the dismissal of the corporate president by directed verdict. The burden is on plaintiff to prove his case and he did not prove the president’s “personal (as contrasted with technical or vicarious) fault” other than “simply because of his general administrative responsibility,” Canter v. Koehring Co., 283 So.2d 716, 721 (La.1973). The jury would have been free to disbelieve the president, but disbelief in him does not constitute evidence to the contrary of his testimony. There was no evidence from which the jury could reasonably have inferred that the corporate president breached any personal duty owed to plaintiff.
Directed verdict affirmed; otherwise remanded for trial by proper jury.