568 So.2d 567 (1990)
John L. JOHNSTON
v.
Lisa Martinez JOHNSTON.
No. 89-CA-694.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1990.
On Rehearing October 11, 1990.
Writ Denied December 14, 1990.
Ross P. Ladart, Gretna, for defendant/appellee.
Fred Schroeder, Usry & Weeks, Metairie, for plaintiff-appellant.
Before KLIEBERT, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This is a suit for collection of funds due on a promissory note which provides that payment of $6,000.00 due be made in "one hundred twenty consecutive monthly installments of fifty dollars ($50.00) each," with no interest. The note, which was executed on January 25, 1983, is paraphed by a notary "for identification with an act of credit sale" executed on the same day. However, the document which evidences the act of credit sale was not made a part of the record. The petition which commenced this action was filed on October 5, 1988. Defendant filed a peremptory exception of prescription which was granted by the trial court. Plaintiff appeals that judgment.
It is clear that promissory notes, whether negotiable or not, are subject to a five year liberative prescriptive period which commences to run from the day payment is exigible. LSA-C.C. art. 3498. The issue for resolution in the instant case is when did payment become exigible.
Normally in installment contracts prescriptive periods are district to each monthly payment and begin to run with the individual due date. However, in the instant case, since the note does not provide a date for the installments to begin, the due dates of the individual notes are in question.
It is clear from the face of the instrument that the parties intended the obligation to be paid in consecutive monthly installments and not as a balloon payment. The defendant admitted that fact in her memorandum in support of the exception of prescription. Additionally, defendant *568 conceded that despite repeated demands, no installments were made.
At the hearing on the exception the defendant argued that, since no date for payment is set by the note, it is a demand note which prescribed five years from the date of execution or January 25, 1988. Plaintiff contends that only those notes due prior to October 5, 1983 are prescribed. The trial court maintained the exception of prescription as to the entire note.
A demand note includes one in which no time for payment is stated. LSA-R.S. 10:3-108. Prescription begins to run on a demand note on the date of execution, not of demand. Security Bank v. Frost, 524 So.2d 937 (La.App. 2nd Cir. 1988). The demand nature of a note is not necessarily destroyed by a provision for monthly installments. See Blanchard v. Progressive Bank & Trust Co., 413 So.2d 589 (La.App. 1st Cir.1982). Clearly, plaintiff would not have been allowed to make demand, under the terms of this agreement, for payment in full of the $6,000.00 owing on the date of execution of this note. Defendant would have been permitted to make monthly installments as provided for in the note upon plaintiff's demand. By the same token we do not believe that defendant should be allowed to take advantage of the missing due date of the first installment to accelerate prescription on the entire debt.
Only by exercising the option contained in the acceleration clause[1] after defendant was in default on a monthly installment, could the plaintiff have demanded payment of the entire amount. Since the acceleration clause is not automatic, and the record does not indicate that plaintiff exercised that option, prescription did not begin to run on the entire debt. Home Finance Corp. v. Fisher, 361 So.2d 463 (La.App. 1st Cir.1978). Only those installments which were due prior to October 5, 1983 have prescribed. Although prescription began to run on this debt as of January 25, 1983, according to the terms of the contract the debt was exigible in monthly installments. It follows, therefore, that the debt prescribed in monthly installments from January 25, 1983 regardless of when payment was demanded. Consequently, only the nine payments which became exigible on the 25th of the months from January through September, 1983 have prescribed.
Accordingly, the trial court's judgment is affirmed in so much as it maintained the exception of prescription to those monthly installments and reversed as to the remaining 111 payments. The matter is remanded to the trial court for further proceedings.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
KLIEBERT, Judge, dissenting.
I respectfully dissent from the majority view. In my opinion the exception of prescription was properly maintained by the district court. In the absence of a commencement date for the installments, the note has to be considered a demand note (LSA-R.S. 10:3-108) and as such the running of the five year prescription set by Civil Code Article 3498 commences to run on the date of execution, i.e., September 23, 1983, and had run before suit was filed on October 5, 1988.

ON REHEARING
Before KLIEBERT, GRISBAUM, DUFRESNE, WICKER and GOTHARD, JJ.
PER CURIAM.
This matter was reheard before a five-judge panel in accordance with Rule 1-5, Uniform Rules of Court. We affirm our original opinion.
Judge Dufresne joins Judge Kliebert in the original dissent.
KLIEBERT and DUFRESNE, JJ., dissent.
NOTES
[1] The note provides as follows:

If any installment of principal or interest is not promptly paid when due, the entire debt, at the option of any holder or holders hereof, shall at once mature and become due and payable.