ROBERT J. BURNS, Judge Pro Tem.
This is a suit by Crown Mortgage Corporation as holder in due course of a promissory note executed by the defendants on September 5, 1984. The note is in the principal amount of $10,000.00, payable “[o]n demand, or if no demand be made, then 180 days” from the date of execution. The suit seeks collection of the principal amount, plus interest at the specified rate of 15% per annum from September 5, 1984 until paid, and 25% attorney fees and costs.
Crown Mortgage filed its petition on September 29, 1989. The defendants responded with a peremptory exception of prescription, which the district court maintained. Crown Mortgage now appeals that judgment.
Liberative prescription in this case is governed by La.Civ.Code art. 3498:
Actions on negotiable instruments, and on promissory notes whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible.
The issue to be resolved is when did payment become exigible on the promissory note held by Crown Mortgage. The district court judge, in maintaining the exception of prescription, ruled that the note held by Crown Mortgage was a demand note. It was his view that payment on the note became exigible on September 5, 1984, the date the note was executed. However, the judge failed to consider the full intent of the parties regarding payment of the note.
LSA-R.S. 10:3-108 and 10:3-109 establish the legal distinctions between demand notes and notes payable at a definite time:
R.S. 10:3-108
Instruments payable on demand include those payable at sight or on presentation and those in which no time for payment is stated.
R.S. 10:3-109
(1) An instrument is payable at a definite time if by its terms it is payable
(a) on or before a stated date or at a fixed period after a stated date....
The promissory note in this case contains features of both a demand note and a note payable at a definite time. Under the note’s provisions, the holder is entitled to payment on demand. Should the holder decide not to demand payment, however, the note automatically matures 180 days after execution. We are called upon to interpret this note, as a contract[1] between the parties, and we must determine the common intent of the parties. La.Civ.Code art. 2045. And when, as here, the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La.Civ.Code art. 2046. The district court ruling maintaining the exception of prescription hinged itself solely on the demand provision of the promissory note without assigning any meaning or effect to the note’s maturity clause.
In Johnson v. Johnson, 568 So.2d 567 (La.App. 5th Cir.1990), writ denied, 571 So.2d 655 (La.1990), we reviewed a district court judgment maintaining a peremptory exception of prescription in a collection suit *31 on a note. The promissory note in that case provided for payment of the principal in monthly installments, but did not establish a date for the installment payments to begin. Since the note did not specify a time for payment, we concluded that the promissory note was a demand note and held that the demand nature of a note is not necessarily destroyed by a provision for monthly installments. 568 So.2d at 568. However, as distinguished from the present case, the promissory note in Johnson lacked a maturity provision and we were thus not called upon to address the effect of such a provision. We pointed out this important distinction in Johnson by noting that “the parties intended the obligation to be paid in consecutive monthly installments and not as balloon payment.” 568 So.2d at 567.
Johnson referred to the First Circuit’s decision in Blanchard v. Progressive Bank & Trust Co., 413 So.2d 589 (La.App. 1st Cir.1982) on a promissory note which provided that payment was “due on demand, if no demand is made, then $600.00 monthly beginning 8-1-77.” Id. at 590. The First Circuit expressly approved the trial judge’s interpretation of that note “as a demand note, but providing for monthly installments if no demand is made.” Id. at 591. That interpretation gave effect to both the demand and the installment provisions of the note in Blanchard, thereby fully conforming the meaning of the note’s language to the intent of the parties.
Similarly, the correct interpretation of the promissory note in this case must give effect to the demand and the maturity provisions contained in the note. The plain language of the instrument makes it clear that the parties intended each of those provisions to be effective. To disregard the note’s maturity provision, as the district court’s interpretation of the note did, invites results directly contrary to the intentions of the parties.[2]
Based on the foregoing analysis, we agree with the interpretation of the promissory note urged by Crown Mortgage. Since a demand for payment of the note was not made during the 180-day period following execution, the note’s maturity provision became effective and the note matured on March 4, 1985. Payment of the note was exigible as of the maturity date, and the 5-year period of liberative prescription began running on that date. Therefore, Crown Mortgage’s collection action had not prescribed when suit was filed on September 29, 1989. See Loomis v. Republic National Bank of Dallas, 653 S.W.2d 75 (Tex.App. 5th Dist.1983).
For these reasons, we conclude that the district court erred in maintaining the defendants’ peremptory exception of prescription. Accordingly, the judgment of the district court dismissing Crown Mortgage’s suit is reversed and the matter is remanded for further proceedings. Defendants-ap-pellees are to pay the costs of this appeal.
REVERSED AND REMANDED

. A promissory note is a contract because the note is "an agreement by two or more parties whereby obligations are created ...” La.Civ. Code art. 1906.

. For example, under the district court’s interpretation, a collection action on a promissory note payable "on demand, or if no demand be made, then six years from the date of execution” would prescribe one year before the note matured, assuming no demand for payment during the six-year period after execution. The intent of the parties in agreeing to a six-year maturity clause would thus be completely frustrated.