KLIEBERT, Chief Judge.
This is an appeal from a trial court judgment dated July 11, 1991 by James Kam-bur, defendant in rule and the attorney named by the decedent, Arthur Virgadamo, in his probated testament to represent the testamentary executrix i.e., Sandra Clayton Smith Virgadamo, the decedent’s fourth wife. For the reasons hereafter stated we set aside the ruling and remand the succession proceedings to the trial court.
A review of the record before us shows the administration of the succession was fraught with friction from its inception in 1985. Prior to the commencement of the dispute which gave rise to this appeal the testamentary executrix was removed as the succession representative and was replaced by Yolanda Virgadamo Matto, a daughter of the decedent from a prior marriage. James Kambur had represented the testamentary executrix from the inception until his withdrawal on October 3, 1990.
On April 30, 1991, a rule to show cause was filed by the attorney for the dative testamentary executrix and an order setting the rule for hearing on May 23, 1991 signed by the trial judge. The rule was styled as follows:
“RULE TO SHOW CAUSE WHY JAMES KAMBUR, ATTORNEY AT LAW SHOULD NOT BE FOUND TO HAVE HAD, FROM THE BEGINNING OF HIS REPRESENTATION IN THE SUCCESSION, A CONFLICT OF INTEREST PREVENTING HIM FROM BEING IN A POSITION TO, WITH INDEPENDENT JUDGMENT, REPRESENT THE INTEREST OF THE SUCCESSION AND WHY HE SHOULD NOT BE FORCED TO RECEIVE THE BARATARIA PROPERTY, RELEASING HIS CLAIMS AGAINST THE SUCCESSION OF ARTHUR VIRGADA-MO.” (Tr. pp 270-272)
A motion to continue the rule was filed by Kambur on May 10, 1991, which apparently was not presented to the trial judge prior to the rule date of May 23, 1991. Because Kambur did not appear in court on May 23, 1991, the trial judge rendered judgment against Kambur. The judgment was signed on July 11,1991 and stated that Kambur had, since the beginning of his representation of the Succession of Arthur Virgadamo, a conflict of interest insofar as the “Barataría Property”[1] was concerned because he held a mortgage on same. On that basis, the trial court ordered that Kambur receive title to that property (therein described in detail) in full satisfaction of his claim against the Succession. The clerk was ordered to cancel the mortgage inscription and the Executrix ordered, if called upon, to sign a quit claim deed of the property to Kambur.
A motion for a new trial was denied on February 19,1992 and this appeal followed. Two assignments of error are urged as follows:
1) The trial judge erred as a matter of law by forcing Mr. Kambur to accept the Barataría property without his consent as a dation en paiment,
2) The trial judge erred in granting a judgment against a person who was not a party to the proceedings and in *1107 failing to enter a preliminary default prior to confirming judgment.
Addressing these in inverse order, the question presented by the second assignment is actually whether a transfer of title to real estate can be made effective by a summary proceeding against one not a party to the matter before the court. Rudimentary principles tell us that it cannot.
While the motion to continue the rule filed by Kambur constituted a general appearance by him, such that he is precluded from contesting the court’s jurisdiction over him, LSA-C.C.P. Art. 7, or raising any declinatory exceptions, LSA-C.C.P. Art. 927, the matter was not properly postured so as to transfer title of the property from the Estate of Virgadamo to Kambur and release Kambur’s entire claims against the succession.
It must be remembered that the appellant, Mr. Kambur, while at one time was the attorney for the succession, at the time of the filing of the subject rule no longer held that status but only that, we are told in the trial judge’s reasons for judgment, of a succession creditor. He had not sued the succession nor had the succession sued him; he was, in no sense, a party to the proceedings. Pertinent here are observations made in Succession of Griffith, 415 So.2d 670 (4th Cir.1982) wherein it was said:
“Under Article I, Section 2 of the Louisiana Constitution of 1974, no person can be deprived of life, liberty or property, except by due process of law. The essential elements of due process of law are notice, and the opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. Louisiana Materials Co. v. Cronvich, 236 So.2d 510 (La.App. 4th Cir.1970). Additionally, to render a valid judgment a court must have jurisdiction over the person. This jurisdiction must be based on service of process. La. C.C.P. 6.”
See also Krueger v. Tabor, 546 So.2d 1317 (3rd Cir.1989).
While counsel for appellee correctly contends that the filing by appellant of a motion for a continuance constituted an appearance which subjected the latter to the jurisdiction of the Court, the argument is specious. Neither the trial judge nor the appellant has cited any precedent or authority which would effect the forced transfer of title to real property except action by ordinary procedure with petition, service and citation. A motion for continuance filed in response to a rule which was improvidently issued can in no way validate that which was unauthorized in its inception.
The judgment appealed from was rendered against a person not a party to the .proceedings and who was not served with a petition and cited to appear. It is, therefore, null and of no effect.
For the reasons assigned, the judgment appealed from is vacated. Kambur’s mortgage on the Barataría property is to remain in full force and effect. The proceedings are remanded to the trial court. All costs of this appeal are to be paid by appellee.
VACATED AND REMANDED.

. According to the record before us Kambur held a $40,000.00 note dated in 1983, bearing 12% interest per annum, and secured by mortgage on land located in Barataría.