635 So.2d 273 (1994)
HENNING CONSTRUCTION, INC., Timothy R. Henning and Jackson W. Henning
v.
FIRST EASTERN BANK AND TRUST COMPANY and Roy Bass.
No. 92-CA-0435.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 1994.
Rehearing Denied May 12, 1994.
Written Reasons to Grant Rehearing May 12, 1994.
Hoskins & Hoskins, Harry D. Hoskins, Hulse, Nelson & Wanek, Michael Wanek, New Orleans, for plaintiffs-appellants Henning Const., Inc. et al.
Hammett & Baus, Donald A. Hammett, John V. Baus, Jr., Jennifer C. deBlanc, New Orleans, for defendant-appellee New England Ins. Co.
Smith, Martin & Schneider, Bruce C. Butcher, Graymond F. Martin, New Orleans, for defendant-appellee R. Ray Orrill, Jr.
Brooks, McNally, Whittington, Platto & Vitt, Geoffrey Judd Vitt, Norwich, VT and Matt J. Farley, Deutsch, Kerrigan & Stiles, New Orleans, for defendants-appellees Nicholas N. Caridas, Frank A. Hijuelos, John A. Jones, Jr., and Jeffrey C. Nolan.
*274 McGlinchey, Stafford, Cellini & Lang, Henri Wolbrette, III, Martha M. Young, Dermot S. McGlinchey, James M. Garner, New Orleans, for appellees Boston Old Colony Ins. Co. and Commercial Ins. Co. of Newark, NJ.
Before KLEES, ARMSTRONG and PLOTKIN, JJ.
Judge Plotkin's Written Reasons to Grant Rehearing May 12, 1994.
KLEES, Judge.
Plaintiff, Henning Construction, Inc. [hereinafter "Henning"], appeals the granting of three summary judgments by which the trial court dismissed with prejudice Henning's actions against all defendants. We affirm.
On April 15, 1986, Henning executed a promissory note in favor of defendant First Eastern Bank and Trust Company ["First Eastern"] for $328,000. On May 12, 1986, Henning executed a second note in favor of First Eastern for $140,000. Typewritten on the first note is the stipulation "on demand if no demand then due in 121 days"; similarly, the second note has typewritten on its face "on demand if no demand then due in 63 days". Each note also states:
All parties hereto further severally agree that this note evidences and sets forth their entire agreement with the holder hereof and that no modification hereof shall be binding unless in writing and signed by the Bank and the parties hereto.
Finally, the notes each provide:
[W]here this note is not paid at its maturity, or when otherwise due as herein provided, all money on deposit with, held by, in possession of or under the control of Bank, for any purpose whatsoever, to the credit or for the account of the parties hereto or any one or more of them shall be and stand applied forthwith to the payment of this note or any other indebtedness due the Bank by the parties hereto or any of them.
In July of 1986, First Eastern called in the notes by sending written notice that payment was due July 14, 1986. "Past Due Notices" were sent to Henning on July 21st, July 25th and July 30th. Henning failed to make the payment, and on August 15, 1986, First Eastern put a freeze on Henning's checking account, which had a balance of approximately $47,000. A week later, the account balance was offset against Henning's debt.
Henning filed suit against First Eastern claiming that the bank had breached the "covenant of good faith and fair dealing" that existed between Henning and First Eastern by offsetting the funds, thereby contributing to the eventual bankruptcy of Henning and the decline in the value of plaintiffs' stock. Plaintiffs also alleged that First Eastern engaged in economic duress in violation of La. Civ.Code art. 2315. Finally, in the original petition and seven amendments, plaintiffs named as defendants all officers and directors of First Eastern as well as its general counsel, Ray Orrill, and their insurers.
Defendants filed three separate motions for summary judgment. The first motion, filed by all defendants, asserted that the notes executed by Henning were demand notes which imposed no duty of good faith upon First Eastern. The second motion was filed by Ray Orrill, asserting that he owed no duty to plaintiffs as a director of First Eastern. The third motion was brought by Ray Orrill's professional liability carrier, New England Insurance Company, on the issue of legal malpractice, asserting that Orrill owed no duty to First Eastern's customers for his allegedly negligent performance as general counsel to First Eastern. The district court granted the motions for summary judgment and dismissed all defendants with prejudice. In written reasons for judgment, the court found that (1) the notes were demand notes; (2) there is no duty of good faith or fair dealing associated with a demand note; (3) the notes constituted the entire agreement between the parties, as they were never modified in writing, and (4) First Eastern properly exercised its contractual rights under the notes through setoff. After reviewing the record and the law, we agree with the trial court.
Despite the assertion of thirty-nine separate assignments of error by counsel for appellant Henning, we find that the pertinent issues on appeal are those four identified by the trial judge in his reasons for judgment, plus the issue of whether Mr. Orrill owed any duty to plaintiffs in his dual capacity as director *275 and counsel to First Eastern. We will therefore address those five issues.
The trial court correctly held that the notes in question are demand notes because the typewritten terms printed on the notes state they are payable "on demand". A demand note is one which is either payable on demand or which does not state a time for payment. See former La.R.S. § 10:3-108(a) (West 1993), new La.R.S. § 10:3-108(a) (effective Jan. 1, 1994). Henning argues that other printed language on the notes is inconsistent with the term "on demand". However, under Louisiana statutory law, the typed provisions on the notes prevail over the printed provisions. See former La.R.S. § 10:3-118(b) (West 1993); see also La.R.S. § 10:3-114 (eff. Jan. 1, 1994). Moreover, it has been held that a provision for monthly installments does not destroy the demand nature of a note. Johnston v. Johnston, 568 So.2d 567, 568 (La.App. 5th Cir.1990), writ denied, 571 So.2d 655 (La.1990); Blanchard v. Progressive Bank & Trust Co., 413 So.2d 589, 591 (La.App. 1st Cir.1982). In the instant case, our examination of the notes themselves reveals that they are unquestionably demand notes.
The second issue is whether First Eastern owed Henning a duty of good faith with regard to the calling in of the demand notes. The trial judge found that there was no such duty. Louisiana law provides that a party who wishes to accelerate at will a negotiable instrument which is not payable until a future date may do so "only if he in good faith believes that the prospect of payment or performance is impaired." La.R.S. § 10:1-208. The official comment to this statute provides that this obligation of good faith has no application to demand instruments or other obligations "whose very nature permits call at any time with or without reason." Id. U.C.C. Comment.
Henning strenuously argues that despite this comment, First Eastern owed it an obligation of good faith under Louisiana Civil Code articles 1759 (general mutual duty of good faith in all obligations) and 1983 (general duty of good faith performance of a contract). Henning relies on an Alabama case in which that state's highest court held that even though the U.C.C. does not impose a good faith requirement on the holder of a demand note, such a fiduciary duty between a bank and its customer may arise under general Alabama law in certain special circumstances, such as where the customer relies on the bank for financial advice. Power Equipment Co., Inc. v. First Alabama Bank, 585 So.2d 1291, 1297 (Ala.1991). Ultimately, however, the Alabama court found that no such fiduciary relationship existed where a former officer of the bank had wrongfully diverted funds to himself using the customer's name. Id. Henning also cites Carroll v. Twin City Pontiac Used Cars, Inc., 397 So.2d 42 (La.App.2d Cir.1981), in which the court found that a bank had acted in bad faith by promising to honor a draft and then holding it for three weeks before deciding to dishonor it. As the facts of Carroll do not involve a demand note, we find it totally inapposite to the instant case.
Recently, a Louisiana court has addressed this issue and specifically rejected the proposition that a good faith requirement is imposed on the right to call for payment of a demand instrument. Bespress, Inc. v. Capital Bank of Delhi, 616 So.2d 795, 798 n. 3 (La.App.2d Cir.1993). The court stated, "In our view, the decision to request payment of such an instrument simply does not fall within the good faith connotations of LSA-R.S. 10:1-203 and 1-208." Id. The court in Bespress also held that a bank's actions in continuing to fund a borrower's operations even after the borrower had failed to timely pay notes did not indicate that the bank owed a fiduciary obligation to the borrower. Id. at 797.
With regard to demand notes, we find that the more specific provisions of La.R.S. § 10:1-208 prevail over the general Civil Code articles on obligations and contracts; we therefore agree with our colleagues on the Second Circuit that there is no duty of good faith associated with a demand note. As for Henning's argument that the bank breached some general obligation of good faith established through its dealings with Henning, we find no evidence of any special circumstances under which such an obligation would arise. See La.R.S. § 6:1124, *276 which provides that unless expressly set forth in a written agency or trust agreement, no fiduciary responsibilities of a financial institution arise toward customers or third parties. Bespress, supra, at 798.
The third issue is whether the trial court correctly held that the demand notes constituted the entire agreement between the parties. The trial court's ruling was based upon the express provision, or "integration clause", in each demand note stating that it constituted the entire agreement between the parties and that no modification would be binding unless made in writing and signed by both parties. The parties never modified their agreement in writing.
Henning contends that the integration clause should be ignored even though it admittedly can cite no Louisiana authority in which such a clause was disregarded. Henning argues that: (1) the integration clause is "false"; (2) Louisiana law allows the use of parol evidence to overcome the presumption established by the integration clause; (3) under La.R.S. § 10:3-119, written evidence executed as a part of the same transaction is admissible to vary the terms of the agreement.
We find no merit in Henning's arguments. First, there is no evidence in the record suggesting that the parties did not intend to be bound by the terms of the notes. To defeat summary judgment, there must be evidence sufficient to create a genuine issue of fact, which is not present in this case. Similarly, there is nothing which would even arguably overcome the presumption of Louisiana Civil Code article 1947 that the parties do not intend to be bound unless the contract is executed in the form contemplated by them. Finally, we find no written documents in the record which might be considered part of the same transaction as the notes. Under these circumstances, the trial judge did not err in holding that the integration clause should prevail, and that there is no genuine issue of fact as to the parties' intentions in this regard.
The fourth issue is whether First Eastern had the right to freeze Henning's account and apply the balance as a setoff against the much larger amount Henning owed under the notes. The trial court held that First Eastern properly exercised its contractual right of setoff as expressed in the notes. The language of the notes allows First Eastern to setoff Henning's funds on deposit with the bank when the notes become due, without any requirement of prior notice to Henning. A similar setoff clause was upheld recently in Chrysler Credit Corp. v. Whitney National Bank, 798 F.Supp. 1234 (E.D.La.1992), where the bank had exercised its right of setoff without notice to the customer. In the instant case, however, the record contains three past due notices which were sent to Henning several weeks prior to the freeze on Henning's account. Therefore, Henning clearly knew the payment was due, and it should have known that the bank had a right of setoff under the notes.
Citing various non-Louisiana authorities, Henning argues that although the bank may have had the right to setoff the account, it nevertheless was improper for the bank to freeze the account on August 15th and then dishonor certain checks drawn on it, before the actual setoff was accomplished on August 22nd. We find Henning's authorities unpersuasive because none of them involves an express contractual right of setoff. It would be somewhat nonsensical to hold that although First Eastern had the right to setoff the entire balance of Henning's account on August 15th, it did not have the right to simply freeze the account on the same day as a prelude to setoff. We therefore find the trial judge's ruling to be correct.
The final issue on appeal concerns the dismissal of Henning's claims against Ray Orill as both a director of and general counsel to First Eastern. The law is clear that absent the breach of a personal duty to a third party, the director of a corporation cannot be found liable for damages allegedly caused by acts or omissions of the corporation. Canter v. Koehring Co., 283 So.2d 716 (La.1973). This court has previously held that where there is no evidence from which a trier of fact could reasonably infer that a corporate director breached a personal duty to a third party, an action seeking to impose personal liability on the director must be *277 dismissed. Duvio v. Continental Casualty Co., 452 So.2d 182, 183 (La.App. 4th Cir. 1984), writ denied, 472 So.2d 37 (La.1985). As this record contains no facts from which one could infer that Mr. Orrill breached a personal duty to plaintiffs, the trial court correctly dismissed plaintiffs' action against him as a director.
The trial court also correctly dismissed plaintiffs' malpractice claim against Mr. Orrill. Although an attorney may be liable to a non-client for an intentional tort, under Louisiana law, only a client has an action against an attorney for legal malpractice. See Penalber v. Blount, 550 So.2d 577, 581 (La.1989). There was clearly no attorney-client relationship between Mr. Orrill and Henning. Mr. Orrill was the bank's attorney. No Louisiana court has ever held that a non-client customer of a financial institution has a malpractice action against the bank's attorney. As there was no duty owed to Henning by Mr. Orrill, the trial court properly granted summary judgment.
Accordingly, for the reasons stated, we affirm the judgments of the district court, with all costs of appeal to be borne by appellant.
AFFIRMED.
PLOTKIN, Judge, voting to grant rehearing with written reasons:

May 12, 1994
On reconsideration of the issues presented by this appeal, I now believe that the panel erred in affirming the trial court's granting of the motions for summary judgment in favor of defendant First Eastern Bank and Trust. Further, I believe that the majority errs in refusing to grant rehearing by failing to understand the commercial implications of this opinion for the banking industry. Thus, I would grant rehearing and reverse the trial court judgment based on a finding of the existence of remaining material issues of fact. I believe that the plaintiff is entitled to a trial under the facts of this case.
Following additional research into the issues discussed in the application for rehearing filed by plaintiff Henning Construction, I am now convinced that the obligation of good faith and fair dealing imposed by LSA-R.S. 10:1-203 applies to some of the issues presented by this appeal. That statute provides, as follows:
Every contract or duty within this Title imposes an obligation of good faith in its performance or enforcement. The standard of good faith performance required under this Title shall be based upon Civil Code Articles 1983, 1996, and 1997.
I believe that this obligation applied to the actions of the bank which the plaintiff complains of in this case and that genuine issues of fact concerning whether the obligation was breached still exist, making summary judgment inappropriate.
I am especially concerned about the plaintiff's claim for wrongful dishonor of the checks. As pointed out in the petition for rehearing, the bank's right to set-off does not necessarily include the right to freeze the account in anticipation of set-off, as the original opinion found. I have been unable to find any authority for drawing a distinction between a common-law right to set-off and a contractual right to set-off; moreover, neither the majority nor the bank cite any authority for that proposition. Thus, I find merit in the plaintiff's arguments on this issue.