JiDUFRESNE, Judge.
This is an appeal by James Kambur, plaintiff-appellant, from a judgment dismissing his petition for executory process against an immovable in satisfaction of a note and mortgage on the grounds that the note had prescribed. For the following reasons we vacate *1080 the judgment ruling that the note had prescribed, and remand the matter to the district court for further proceedings.
The obligation in this case derives from a $40,000.00 loan to Arthur Virgadamo by James Kambur, an attorney, on October 24, 1983. The loan was evidenced by a note of the same date which provided that interest was payable once every six months and the principal was due on or before three years from the date of the note, or October 24, 1986. The note further specified that:
In the event of the non-payment of the principal or interest of this note promptly at maturity, whether matured by lapse of time or otherwise, the whole indebtedness hereby secured shall, at the option of the holder hereof, at once become due and exigible.
The note was paraphed “ne varietur” with an act of mortgage of the same date, duly recorded, on two lots referred to in this litigation as |2the Perkins tract or the Barataría property.
On April 25, 1985, Arthur Virgadamo died testate. In his will he named his then wife, Sandra Clayton Smith Virgadamo, as testamentary executrix, and James Kambur, the holder of the note, as attorney for the succession. The succession was opened, and on October 17, 1986, the executrix filed a Sworn Descriptive List of Assets and Liabilities which listed the October 24, 1983, note for $40,000.00, as a liability of the succession. Several years later, on October 3,1990, Kam-bur withdrew from the ease, allegedly because other heirs to the estate urged that the indebtedness evidenced by the note and mortgage created a conflict of interest between himself and the estate. At about that same time Sandra was replaced as the executrix by Yolanda Virgadamo Matto, Arthur’s daughter by a prior marriage. On April 30, 1991, the new executrix filed a rule urging that Kambur be forced by the court to accept title to the Barataría property in full satisfaction of the note and mortgage, and a judgment to this effect was signed on July 11, 1991. Kambur appealed to this court and the judgment was reversed on the grounds that Kambur was never made a party to the succession nor to an ordinary action with petition, service and citation, praying for the relief granted, and in the absence of such a proceeding title to the property could not validly have been transferred by the court. Because the judgment had also ordered the mortgage cancelled, this court specifically ruled that the mortgage on the Barataría property is to remain in full force and effect, and it remanded the case for farther proceedings, Succession of Virgadamo, 610 So.2d 1105 (La.App. 5th Cir.1992).
IsOn August 9, 1993, some eight months after rendition of the above judgment by this court, Kambur filed the present petition for executory process. The executrix of the still ongoing succession proceedings sought to enjoin the sale on grounds of various alleged discrepancies between the note and the mortgage, and on the additional ground that the note had prescribed. The trial judge ruled that the note had indeed prescribed and therefore that the sale of the property could not go forward. Because of this ruling, the other issues raised by the executrix to defeat the sale were not considered. Kambur now appeals this judgment.
As an initial matter, we note that nowhere in the record or in the papers of the present executrix is there any allegation or even a suggestion that Kambur did not lend Arthur Virgadamo $40,000.00, or that the note and mortgage on the Barataría property were not evidence and security for that indebtedness. Neither is it contested in any way that in his will Arthur named Kambur as the attorney for his estate, and named Sandra as the executrix, and that the succession was opened by them in these capacities. There is no question either that Sandra signed and filed in the record on October 17, 1986, a sworn descriptive list showing the $40,000.00 debt owed to Kambur, and referencing it to a note “payable to James Kambur originating 10-24-83 on Perkins tract-Barataria.” Finally, it is evident that at the time the judgment before us .on this appeal was signed, the succession was still under administration.
The legal question in this appeal is simply whether this descriptive list was sufficient to suspend the running of prescription on 14the note during the pendency of the succession, as provided in La.Code Civ.Pro., *1081 Arts. 8241-3243. In this court’s opinion, it was. The .procedural requirements for presentation of claims against a succession by creditors are straightforward. Article 3241 provides that a creditor may submit his claim to the succession representative for payment, but that no formality is required of this claim except that it be in writing. Article 3242 provides that upon receipt of the claim, the representative has thirty days in which to acknowledge or reject the claim, and this must be done in writing, signed and dated by the representative, and notice given to the claimant of whatever action was taken. If the claim is acknowledged, Article 3243 provides that prescription on the claim is suspended for as long as the succession is pending.
In the present case, it must be borne in mind that Kambur was the attorney for the succession and representing the executrix. He was also the holder of the note, which was a writing evidencing the claim. As to the sworn descriptive list, it makes specific reference to the note, thus establishing that the representative was aware of that written claim against the succession for ac-knowledgement and payment. The descriptive list is also a writing, dated and signed by the executrix, and obviously giving notice to Kambur that the claim on the note had been acknowledged. This is all that was required to suspend the running of prescription on the note until the succession is closed, and we so hold.
As to the applicable prescriptive period, La.Civ.Code, Art. 3498, provides that negotiable instruments prescribe in five years, Igwhich begins to run from the day payment is exigible. In the present case, the principal amount of the loan was not payable until October 24, 1986, a week after the filing of the descriptive list, and thus not only had the note not prescribed, but prescription had not yet begun to run, see Crown Mortgage Corp. v. Tarantino, 606 So.2d 29 (La.App. 5th Cir. 1992); Home Finance Corp. v. Fisher, 361 So.2d 463 (La.App. 1st Cir.1978). Similarly, even were October 24, 1983, the date of the note, taken as the starting of the prescriptive period, as the executrix urges here, because less than three years had elapsed from that date until the time that the descriptive list was filed, the five year prescription would still not have barred collection of the note. Therefore, the determination by the district judge that the note has prescribed is clearly erroneous and is hereby set aside.
As a final matter, we again point out that the executrix raised other objections to the sale of the property by way of executory process which were not ruled on by the district judge. We therefore remand the case to the district court for resolution of these remaining issues.
For the foregoing reasons, we hereby set aside the determination that the note at issue here has prescribed and hold instead that prescription on that note has been suspended since October 17, 1986, and shall continue so long as the succession proceedings are pending. The matter is remanded to the district court for further proceedings consistent with this opinion.

JUDGMENT REVERSED, REMANDED FOR FURTHER PROCEEDINGS.