732 So.2d 144 (1999)
DESIRE NARCOTICS REHABILITATION CENTER, INC., et al.
v.
Charles H. WHITE and Herbert A. Cade.
Nos. 97-CA-2758, 98-CA-0925.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 1999.
*145 LeRoy A. Hartley, Russell D. Levy, Le-Roy A. Hartley & Associates, New Orleans, Louisiana, Counsel for Plaintiffs/Appellants.
Rodney C. Braxton, New Orleans, Louisiana, Counsel for Defendant/Appellee Charles White.
Melvin N. Cade, New Orleans, Louisiana, Counsel for Defendant/Appellee Herbert A. Cade.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MOON LANDRIEU and Judge PATRICIA RIVET MURRAY.
ARMSTRONG, Judge.
This is an appeal from a judgment sustaining an exception of no cause of action as to the claims of many, but not all, of the plaintiffs in a legal malpractice action. Specifically, the two attorney defendants each filed exceptions of no cause of action to the claims of those plaintiffs who were not their clients. The trial court sustained those exceptions and dismissed the claims of those non-clients. No exceptions were filed as to the claim of the attorney defendants' client (which is a corporation) and the client's claim remains pending in the trial court. Based upon the controlling caselaw in this circuit, as well as upon the most analogous caselaw from the Supreme Court, we affirm the judgment of the trial court.
Because this case was decided below on exceptions of no cause of action, we assume that the factual allegations of the petition are true. E.g., Everything On Wheels Subaru, Inc. v. Subaru South, 616 So.2d 1234 (La.1993). Our inquiry is whether, on the face of the petition, the plaintiffs are entitled to the relief sought. Id.
Because the factual background from which this case arises is of only general significance to this appeal, we will describe the petition's factual allegations in a summary manner. The petition alleges as follows: Plaintiff Desire Narcotics Rehabilitation Center, Inc. (Desire) engaged the two defendant attorneys to represent it in connection with the purchase of certain real estate and, later, in connection with certain litigation in connection with that real estate transaction. Because of Desire's failure to close the real estate transaction in accordance with a court order to do so, Desire was held in contempt and subject to thousands of dollars in fines. The fines went unpaid and, as a result, Desire's bank account was garnished. The garnishment interfered with the regular payment of wages by Desire to its employees.
The petition specifically alleges that the garnishment of Desire's bank account came about because of "the negligence and/or malpractice" of the two defendant attorneys. The petition also specifically alleges that such "negligence and/or malpractice" occurred in connection with the attorneys' representation of Desire. There are no allegations in the petition, explicit or implicit, that there were any intentional torts by the attorneys. There are no allegations in the petition that the attorneys represented Desire's employees or that they represented any party other than Desire itself.
Desire and its numerous employees brought the present action against the two attorney defendants. Desire made a number of claims and the employees made claims for emotional distress, mental anguish and bad credit ratings due to the interruption of their normal, regular paychecks. Desire's claims were not made the subject of exceptions below and Desire is not a party to this appeal. The attorney defendants filed exceptions of no cause of action to the claims of Desire's employees because the attorneys had not represented those employees. The trial court sustained *146 those exceptions and the employees brought the present appeal.
This court previously has held that: "Although an attorney may be liable to a non-client for an intentional tort, under Louisiana law, only a client has an action against an attorney for legal malpractice." Henning Construction, Inc. v. First Eastern Bank and Trust Co., 92-0435 (La.App. 4 Cir. 3/15/94), 635 So.2d 273, 277, writ denied, 94-1544 (La.9/30/94), 642 So.2d 870. It is apparent that Henning, by distinguishing between intentional torts and "legal malpractice," uses the term "legal malpractice" to refer to legal theories other than intentional, tort (i.e. negligence or breach of contract in the performance of legal services).
Reading the petition in the present case as a whole, it is apparent that the petition's use of the phrase "negligence and/or legal malpractice" does not refer to any intentional torts. Indeed, the petition contains no factual allegations of any acts or omissions which could constitute any intentional tort. The petition alleges only negligent neglect or incompetence in the course of legal work. Thus, Henning is directly on point with the present case and mandates the conclusion that the plaintiffs have not stated a cause of action.
There is an exception to the Henning rule in the case of an attorney's preparation of a will. Specifically, the intended legatee under a will is considered a direct, explicit third-party beneficiary of the contract for legal services between the attorney and the testator so that, in the event the will is invalid, the legatee can have a cause of action against the attorney. Succession of Killingsworth, 292 So.2d 536 (La.1973). In Penalber v. Blount, 550 So.2d 577 (La.1989), the Supreme Court, in the course of holding that an attorney cannot be sued for negligence or malpractice by his client's adversary in a lawsuit, distinguished the situation of a non-client third-party beneficiary and, in that connection, cited Killingsworth. The Supreme Court simply restated the basic holding of Penalber in its later decision in Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127, 130, which also is cited by the appellants.
The appellants in the present case, the numerous employees of Desire, cite Killingsworth and Penalber and argue that they were third-party beneficiaries of the contract for legal representation between Desire and the attorney defendants. We disagree. The Killingsworth decision reasons that, in the case of the intended legatee of a defective will, the forseeability of the damage is certain, the injured parties are expressly identified and their loss is specific. In view of Penalber's citation to Killingsworth, we believe that Penalber's reference to third-party beneficiaries must be interpreted in accord with the Killingsworth criteria.
The position of the employees of Desire is in no way analogous to the legatees of Killingsworth and the Desire employees' claims do not meet the Killingsworth/Penalber criteria for third-party beneficiary status. Unlike the direct, express benefit to be conferred upon a legatee by a will, the benefit to the numerous employees of Desire from the attorneys rendering legal services to Desire is indirect and incidental. The plaintiffs alleged damages were far from certain in terms of forseeability, the employees are not alleged to have been identified in connection with the attorney's agreement to represent Desire and there is no specific loss to the employees (as opposed to loss to Desire) to be expected from the alleged acts of negligent legal malpractice. Were we to adopt the appellants' argument, and depart from the Killingsworth/Penalber criteria for third-party beneficiary status with respect to legal representation, we would create an ever-expanding circle of duty and liability in cases of negligent legal malpractice.
Moreover, when an attorney is retained to represent a corporation, the attorney owes his duty (and loyalty) to that corporation and the attorney must, within *147 the bounds of law, pursue the best interests of the corporation in accordance with the lawful instructions of the corporation's management.
The claims by Desire are not before us in this appeal and thus, of course, we express no opinion as to those claims.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.