Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,209-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

COLLINS ASSET GROUP, LLC                    Plaintiff-Appellant

versus

EDDIE J. HAMILTON                           Defendant-Appellee

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 610,061

Honorable Craig O. Marcotte, Judge

* * * * *

THE OAKES LAW FIRM, LLC                     Counsel for Appellant
By: Blake E. Oakes

BODENHEIMER, JONES, & SZWAK, LLC            Counsel for Appellee
By: David A. Szwak

* * * * *

Before WILLIAMS, GARRETT, and THOMPSON, JJ.

**THOMPSON, J.**

This appeal arises from a suit by plaintiff, Collins Asset Group, LLC, against defendant, Eddie J. Hamilton, over sums due on an installment promissory note. The defendant filed an exception of prescription which was maintained by the trial court. The plaintiff now appeals the trial court's judgment. For the following reasons, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On May 16, 2005, defendant, Eddie J. Hamilton ("Hamilton"), contemporaneously executed two promissory notes payable to Long Beach Mortgage Company ("Long Beach") in connection with purchasing certain immovable property located at 708 Culbertson Lane, Natchitoches, Louisiana. The first promissory note was for $133,600 (the "First Note"),[1] and the second promissory note was for $33,400 (the "Second Note").[2] The two separate notes were secured by two separate mortgages on the property. It is only the Second Note that is before this Court.

On November 21, 2007, Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee for Long Beach, declared Hamilton to be in default of the First Note, and filed a *Petition for Executory Process Without*

---

[1] The First Note was to be paid in 360 monthly installments of $957.13 each, beginning July 1, 2005, and monthly thereafter, until June 1, 2035, at the yearly interest rate of 7.75%, along with any and all other fees and/or sums due under the terms of the First Note.

[2] The Second Note was to be paid in 360 monthly installments of $289.42 each, beginning July 1, 2005, and monthly thereafter, until June 1, 2035, at the yearly interest rate of 9.85%, along with any and all other fees and/or sums due under the terms of the Second Note.

*Appraisement* against him on the First Note only in the Tenth Judicial District Court in Natchitoches Parish. On March 26, 2008, the property was sold at sheriff's sale, without benefit of appraisement, to a third party bidder for $156,000. The foreclosure action is not on appeal.

Based upon the affidavit of Hamilton, no payments were made by him on the Second Note for a considerable amount of time before and after the foreclosure action. Hamilton intimates that his obligation under the Second Note–secured by the same immovable property as the First Note–had been extinguished by the foreclosure and sale of the property. The distinction of the creditor holding and not pursuing acceleration of the Second Note at the time of the foreclosure was apparently not appreciated by Hamilton.

On August 15, 2014, the Second Note was transferred and assigned by an assignee of Long Beach to plaintiff, Collins Asset Group, LLC ("CAG"). CAG notified Hamilton of the assignment seeking periodic monthly payments of the principal starting on October 1, 2016. CAG alleges Hamilton failed to make any payments and it accelerated the Second Note. On July 16, 2018, CAG filed a petition in the First Judicial District Court for sums due on the Second Note against Hamilton, alleging a past due amount of $29,654.25 plus legal interest, all fees, and costs.

On July 25, 2018, Hamilton filed a *pro se* answer, generally denying the claims against him. On September 4, 2018, CAG filed a motion for summary judgment, including an affidavit from a CAG representative, the Second Note, and other relevant exhibits. On November 2, 2018, Hamilton filed an opposition to the motion for summary judgment, a reconventional

2

demand, and an exception of prescription.[3]  The motion for summary

judgment was heard on November 19, 2018, and the trial court denied the

motion without issuing reasons.

CAG filed an opposition to the exception of prescription on December

5, 2018.  According to CAG, the prescriptive period began in 2016 when it

accelerated payments on the Second Note, well within the five-year

prescriptive period under Louisiana law.  The trial court heard the exception

of prescription on December 17, 2018, ruled in favor of Hamilton by

granting the exception of prescription, and dismissed CAG's claim and main

demand with prejudice.  The trial court issued written reasons for judgment

on May 17, 2019.

On January 15, 2019, CAG filed a motion for new trial on the

exception of prescription.  Hamilton filed an opposition to CAG's motion

for new trial on February 4, 2019.  In turn, on February 27, 2019, CAG filed

a supplemental memorandum in support of its motion for new trial.  In

CAG's supplemental memorandum, CAG argued that the trial court's

granting of Hamilton's exception was erroneous, as the "mortgage and

underlying promissory note for the Foreclosure Action is not the same

promissory note at issue" in this case.  The motion for new trial was heard

on March 4, 2019, and the trial court denied CAG's motion.  CAG requested

written reasons for judgment denying CAG's motion and on May 17, 2019,

the trial court issued its reasons.

---

[3] Hamilton also filed a motion to enroll as counsel of record, enrolling Mr. David Szwak.

3

In its written reasons, the trial court stated that "[t]his Court is adopting the arguments made by counsel and oral reasons of the court on December 17, 2018 for its written reasons for judgment." *See Recovery Dev. Grp., LLC v. Nat'l Baptist Convention of Am., Inc.*, 10-1086 (La. App. 4 Cir. 04/20/11), 63 So. 3d 1127, *writ denied*, 11-1347 (La. 09/30/11), 71 So. 3d 293 (finding that a trial court's adoption of counsel's arguments as her written reasons for judgment complied with La. C.C.P. art. 1917); *see also Mack v. City of Baton Rouge*, 06-0140 (La. App. 1 Cir. 04/04/07), 960 So. 2d 1008, 1009-10, *writ denied*, 07-0959 (La. 06/22/07), 959 So. 2d 508 (holding that the trial court's filing of the transcript of oral reasons for judgment into the record complied with La. C.C.P. art. 1917). In sum, the oral reasons stated that, in the foreclosure action filed against Hamilton regarding the immovable property, the default accelerated the payments in 2007, and thus, prescription should have started running in 2007. The trial court opined that it "runs afoul of our whole scheme in Louisiana" if a creditor could in theory accelerate payments "29 years after the last payment." The instant appeal followed.

**PLAINTIFF'S ASSIGNMENTS OF ERROR**

1. The trial court erred by failing to apply the burden of proof for a defendant bringing an exception of prescription;

2. The trial court erred in finding that the foreclosing creditor in the foreclosure action for the First Note was the same as the original credit issuer for the Second Note at issue;

3. The trial court erred in finding that the acceleration of the First Note accelerated the Second Note held by CAG in the trial court proceeding;

4. The trial court erred in finding that the foreclosure action on the First Note secured by a first mortgage altered or affected the Second Note secured by a second mortgage, confusing the extinguishment of

4

inferior mortgages with the extinguishment of the underlying obligations;

5. The trial court erred in failing to properly apply Louisiana law on prescription to promissory notes with the evidence presented and facts of the case; and

6. The trial court erred in granting Hamilton's exception of prescription.

## DISCUSSION

An exception of prescription is a peremptory exception, which a defendant may raise at any time, including on appeal or after the close of evidence, but prior to its submission for trial. La. C.C.P. arts. 927, 928(B).

On the trial of a peremptory exception pled at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pled, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. If evidence is introduced in support or contravention of the exception, the ruling on the exception of prescription is reviewed by an appellate court under the manifest error standard of review. *Carter vs. Haygood*, 04-0646 (La. 01/19/05), 892 So. 2d 1261, 1267 (citing *Stobart v. State, Through DOTD*, 617 So. 2d 880, 882 (La. 1993)). Generally, the burden of proof lies on the party pleading the exception of prescription. *Carter*, *supra* at 1267 (citing *Campo v. Correa*, 01-2707 (La. 06/21/02), 828 So. 2d 502, 508); *McGill vs. Thigpen*, 34,386 (La. App. 2 Cir. 02/28/01), 780 So. 2d 1224, 1228. However, where the plaintiff's cause of prescription is prescribed on its face of the petition, the plaintiff bears the burden of rebutting the plea of prescription. *City of Shreveport v. Black*, 50,527 (La. App. 2 Cir. 02/28/01), 194 So. 3d 1132, 1135 (citing *McGill*, *supra* at 1228).

The focus of the appeal before this Court is whether the trial court erred in granting the exception of prescription on the entirety of the monthly

installments due under the Second Note. Actions on promissory notes, whether negotiable or not, are subject to a liberative prescriptive period of five years, **which commences to run from the day payment is exigible**. La. C.C. art. 3498. Likewise, La. R.S. 10:3-118(a) provides, in pertinent part, that an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within five years after the due date or dates stated in the note or, if a due date is accelerated, within five years after the accelerated due date.

When a promissory note is payable in installments, as opposed to on demand, the five-year prescriptive period commences separately for each installment on its due date. *JP Morgan Chase Bank, N.A. v. Boohaker*, 14-0594 (La. App. 1 Cir. 11/20/14), 168 So. 3d 421, 428; *Johnston v. Johnston*, 568 So. 2d 567, 568 (La. App. 5 Cir. 1990), *writ denied*, 571 So. 2d 655 (La. 1990). If the installments are accelerated based on a default, the entire amount is subject to a prescriptive period commencing on the day of the acceleration. *Boohaker*, *supra*, at 428.

The Second Note was subject to a liberative prescription of five years for each individual installment. La. C.C. art. 3498; *Boohaker*, *supra* at 428. The terms of the Second Note originally called for 360 monthly installments beginning July 1, 2005, and monthly thereafter, until June 1, 2035. CAG filed its petition for sums due on July 16, 2018. On the face of the petition, the majority of the installments of the Second Note are not prescribed; therefore, the burden remained with Hamilton, the exceptor, to show that the Second Note was prescribed. We find that Hamilton failed to meet his burden.

6

In Hamilton's exception of prescription he claims the Second Note was accelerated in 2007 when he defaulted on the payments of the First and Second Notes. In turn, a foreclosure action was filed against him and the immovable property was sold at sheriff's sale. Hamilton claims that prescription on the Second Note commenced in 2007.

The record reflects that the foreclosure action was **only** for nonpayment of the installments due on the First Note and the plaintiffs in that matter elected only to accelerate the First Note. While the foreclosure action would deliver a clear title of the mortgaged property and extinguish all subsequent junior liens, including the second mortgage in this matter, the Second Note and string of installments which had not prescribed would still be viable. *See* La. C.C.P. art. 2376. Therefore, while Deutsche Bank, as trustee for Long Beach, was a priority lien holder in the judgment on the foreclosure action, the action did not accelerate the Second Note. Hamilton's obligation to repay the Second Note survived the foreclosure proceeding. It would be at the discretion of the creditor to elect which remedies it pursued, and those remedies remain, only slightly diminished by a loss of the right to recover installments which have prescribed by nonpayment of five years from the date they were exigible.

We therefore find the trial court's decision in error as the absence of payment of the maturing installments of a non-accelerated debt has no bearing on the prescriptive period for each individual prospective installment. *See* La. C.C. art. 3498; *Boohaker*, *supra* at 428. As such, CAG is entitled to seek the amount due on any installments which have not prescribed under the Second Note. Hamilton would be entitled to credit for

any payments made, reduction in amount due of all prescribed individual payments, and a full accounting of any proceeds from the foreclosure action payable towards the second mortgage at the time.

Having reversed the trial court regarding Hamilton's exception of prescription, we pretermit any discussion of CAG's other assignments of error.

## CONCLUSION

For the reasons set forth above, the trial court's judgment is reversed and remanded. Costs of this appeal are assessed to Hamilton.

**REVERSED AND REMANDED.**